Michael S. Davis City Attorney City of St. Petersburg
QUESTION: May the City of St. Petersburg pursuant to s. 403.0892, F.S., impose a stormwater utility services user's fee on a district school board based upon estimated use?
SUMMARY: The city may impose stormwater utility user fees adopted pursuant to s. 403.0893(1), F.S., upon a school board based upon the board's use of the system.
Section 403.0893(1), F.S., authorizes a municipality to [c]reate one or more stormwater utilities and adopt stormwater utility fees sufficient to plan, construct, operate, and maintain stormwater management systems set out in the local program required pursuant to s. 403.0891(3).
In AGO 90-47, this office considered whether stormwater fees imposed by the City of Orlando pursuant to s. 403.0893(1), F.S., could be charged against property owned by the State of Florida. The fees in AGO 90-47 were imposed upon property within the city regardless of use and were based upon the particular property having received some particular benefit from the stormwater system. Furthermore, the provisions of s. 197.363, F.S.,[1]
were used by the city to collect the fees. These factors led to the conclusion that the fees were special assessments which in the absence of legislation subjecting the state to liability could not be assessed against state property.
It was noted in AGO 90-47 that to the extent the city sought to impose the fees as service charges, however, the state could be liable for such charges. While state property used for public purposes is not generally subject to taxes or special assessments, the state may be liable for charges for services it uses.[2]
The opinion stated further that there appears to be no judicial decision which has directly considered the authority of a municipality to compel the state or another governmental agency to use the services it offers in the absence of a statutory provision or contractual agreement to that effect. Accordingly, it was suggested that legislative or judicial clarification might be sought on this issue.
Similarly, property owned by school districts which is used for educational purposes is constitutionally and statutorily exempt from taxation and special assessments.[3] There is no analogous exemption for school districts from service charges or fees for the use of utilities and like services.[4] To the extent a school board uses a service, charges may be imposed. This office, however, may not comment upon the methodology used to calculate the fees charged for the use or estimated use of such services.
Section 235.26(1), F.S. (1990 Supp.), in part, provides:
 All public educational and ancillary plants constructed by a board . . . are exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits, ordinances, and impact fees or service availability fees.
This office has stated previously that s. 235.26(1), F.S., exempts all educational facilities constructed by a district school board from state and local government impact fees or service availability fees.[5] "Impact or service availability fees" is defined as
[a] fee, tax, user charge or assessment imposed by a municipality or other governmental agency for:
(a) The privilege of connecting to a system for which there is no immediate specific requirement for a capital improvement, expansion or installation at the utility source necessitated by the connection; or (b) An assessment imposed on board-owned property for the installation of a contiguous utility line except for that length and size of line actually needed to service the educational or ancillary plant on that site; or (c) For an intangible service which is not clearly established at a cost.[6]
In Loxahatchee River Environmental Control District v. School Board of Palm Beach County,[7] the district court considered whether a service availability standby charge could be imposed upon the school district. Looking to the definition of "impact or service availability fees" contained in Rule 6A-2.01(45), F.A.C.,[8] the court concluded that the charge, which once paid entitled the board to tie into the system and which was not for present services or present use of facilities, was in the nature of an impact or service availability fee from which the board would be exempt.[9]
Based upon the analysis in the foregoing case, it does not appear that the recurring fee calculated by the estimated use of the stormwater system has the characteristics of an impact or service availability fee.
Accordingly, the City of St. Petersburg is authorized to charge stormwater utility user fees pursuant to s. 403.0893(1), F.S., which, if not imposed as an impact or service availability fee contemplated by s. 235.26(1), F.S. (1990 Supp.), may be imposed upon a school district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 197.363, F.S., provides that special assessments authorized by general or special law or the State Constitution may be collected in the manner as provided for ad valorem taxes under Ch. 197, F.S.
[2] See, AGO 77-94 (community college is not exempt from payment of contractual franchise charge imposed by a municipality upon a public utility, separately stated on a bill to utility customers, as such fee represents its proportionate share of such fee or operating cost as a part of the total charges for utility services provided to and received by the community college); AGO 70-56 (state agencies required to pay franchise fee imposed by a municipality on telephone company which, pursuant to Public Service Commission regulations, passed such fee onto its customers as an increase in telephone service charges).
[3] See, s. 3, Art. VII, State Const., providing that "[s]uch portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation. Andsee, s. 196.198, F.S., (educational institutions within this state and their property used exclusively for educational purposes exempted from taxation) and s. 196.199(1)(c), F.S. (all property of political subdivisions and municipalities of this state or of entities created by general or special law and composed entirely of governmental agencies which is used for governmental, municipal, or public purposes exempted from ad valorem taxation, except as otherwise provided by law).
[4] See, AGO's 77-94, 76-137 and 74-390.
[5] See, AGO 84-11 (s. 235.26[1], F.S., as amended by Ch. 81-223, Laws of Florida, exempts all educational facilities constructed by district school boards from all state, county, district or municipal impact fees or service availability fees).
[6] Rule 6A-2.001(48), F.A.C.
[7] 496 So.2d 930 (4 D.C.A. Fla., 1986), approved,515 So.2d 217 (Fla. 1987).
[8] Renumbered as Rule 6A-2.001(48), F.A.C.
[9] 496 So.2d at 935.