Mr. Paul J. Marino Port Richey City Attorney 101 East Kennedy Boulevard Suite 3200 Tampa, Florida 33602
Dear Mr. Marino:
On behalf of the City of Port Richey you ask substantially the following question:
May a city charge interest on deferred payments for a municipal services impact fee?
In sum:
A city may exercise its home rule powers to charge interest on deferred payments of a municipal services impact fee.
You state that the City of Port Richey recently entered into a contract with the owner of a trailer park to extend municipal services to the residents of the park. In return for these services, the park owner has agreed to abandon the privately owned sewer and waste water system serving the park. Under the agreement, the owner is required to pay sewer impact fees, based upon the total number of units in the trailer park. The impact fee is to be amortized over the life of the agreement, runs with the land and has been duly recorded in the public records of Pasco County. In light of the substantial amount of the deferment of the impact fee, the city wishes to charge interest on the deferred payments. The question has arisen, however, whether interest may be collected by the city on the unpaid portion of the impact fees.
It is well established that municipalities may impose impact fees for the use of city facilities by members of the public.[1] An impact fee is based upon the pro rata share of the reasonably anticipated costs of capital expansion required to provide a service to a user. The nature of such fees was expressed by the Supreme Court of Florida in Contractors and Builders Association of Pinellas County v. City of Dunedin,[2] as follows:
The avowed purpose of the ordinance in the present case is to raise money in order to expand the water and sewerage systems, so as to meet the increased demand which additional connections to the system create. The municipality seeks to shift to the user expenses incurred on his account. . . . (emphasis in the original)[3]
This office has also concluded that impact fees are in the nature of user charges.[4] Thus, in Attorney General Opinion 76-137, wherein this office commented upon the imposition of an impact fee for the construction of municipal water and sewer facilities, it was stated, "there is little doubt that the fee imposed (by city ordinance) is not a tax or a special assessment but is a valid imposition of an `impact fee' or user charge for the privilege of connecting to the city's water and sewer system. . . ."
In City of Dunedin, the Court set forth the test to be applied to test the validity of a locally imposed "impact fee." In order to be valid, such an impact fee must meet the following test: (1) New development must require that the present system of public facilities be expanded; (2) the fees imposed on users must be no more than what the local governmental unit would incur in accommodating the new users of the system; and (3) the fees must be expressly earmarked and spent for the purposes for which they were charged. It is assumed for purposes of this opinion that the charge imposed by the city is a valid "impact fee" to cover the cost of expanding the city's sewer system to provide such services to the residents of the trailer park.
The Court in City of Dunedin recognized that the city "as the corporate proprietor of its water and sewer systems, can exercise the powers of any other such proprietor. . . ."[5] This recognition, coupled with the home rule powers that a municipality may exercise for municipal purposes, unless expressly prohibited by law, would support the conclusion that the City of Port Richey may structure the payment of the impact fee over a period of time and collect interest on the deferred portion of the fee.[6]
Accordingly, the City of Port Richey may impose an impact fee that reasonably reflects the anticipated cost of expansion of the city's sewer facilities to serve the residents of the trailer park. To the extent the city is carrying out its proprietary function of providing sewer services to the residents of the trailer park, it may structure the payment of the fee in installments and collect interest on the deferred portion of the fee.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976), appeal after remand, 358 So.2d 846 (Fla. 2d DCA 1978), cert. denied,444 U.S. 867 (1979). See also, Home Builders and Contractors Association of Palm Beach County, Inc. v. Board of County Commissioners of Palm Beach County, 446 So.2d 140 (Fla. 4th DCA 1983), petition for review denied, 451 So.2d 848 (Fla. 1984), appeal dismissed,105 S.Ct. 376 (1984).
[2] 329 So.2d 314 (Fla. 1976).
[3] 329 So.2d at 318. Cf., Loxahatchee River Environmental Control District v. School Board of Palm Beach County,496 So.2d 930 (Fla. 4th DCA 1986), approved, 515 So.2d 217 (Fla. 1987), in which the court determined that certain service availability standby charges were within the definition of impact or service availability fees established by the State Department of Education.
[4] See, Fla. Ops. Att'y Gen. 76-137 (1976), 82-9 (1982) and 85-101 (1985).
[5] 329 So.2d at 319.
[6] See, Fla. Op. Att'y Gen. 90-16 (1990) (city may adopt plan whereby customers may pay impact fees in several payments). Cf., s. 170.09, Fla. Stat. (1993), providing that special assessments shall be payable at the time and in the manner stipulated in the resolution providing for the improvement; shall bear interest at a rate not to exceed 8 percent per year; and shall by resolution and only for capital outlay projects be made payable in equal installments over a period not to exceed 20 years. And see, City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992), in which the Supreme Court of Florida concluded that a municipality has home rule powers to impose special assessments and is not bound by the provisions of Chapter 170, Fla. Stat.