570 So.2d 1047 (1990)
Ismail Abdul Hakim AKBAR a/K/a Robert Bo Dean, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3222.
District Court of Appeal of Florida, First District.
November 27, 1990.
Barbara Linthicum, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia Beisner, Asst. Atty. Gen., for appellee.
*1048 ERVIN, Judge.
Ismail Abdul Hakim Akbar, appellant, challenges his sentence as an habitual felony offender, resulting from his convictions of two counts of selling cocaine. He claims that the trial judge erred at the sentencing hearing by permitting the prosecutor to present evidence that Akbar (a) sold the cocaine within twenty-five feet of a daycare center, and (b) fit the profile of a drug seller who uses minors to carry drugs. He argues that he was not charged with or convicted of a crime based upon either of these facts, therefore, evidence tending to prove either of them was inadmissible. He also contends that the habitual offender statute, Section 775.084, Florida Statutes (Supp. 1988), is unconstitutionally vague, unreasonable, arbitrary, and capricious. We affirm.
We do not reach the first issue because Akbar failed to preserve the issue below. As to Akbar's challenges to the constitutionality of the 1988 statute, this court previously considered and rejected several of Akbar's arguments as applied to the 1987 statute in Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990), using reasoning that applies to the 1988 version as well. These arguments do not warrant additional discussion.
Akbar further argues that the statute is unconstitutionally vague in that it does not curb the judge's discretion in imposing habitual felony offender sentencing. We do not agree. The statute sets forth certain criteria that a defendant must meet before an enhanced penalty may be applied. § 775.084(1), Fla. Stat. (Supp. 1988). The statute moreover provides the particular sentences to be applied, depending upon the degree of the felony the defendant committed. § 775.084(4), Fla. Stat. (Supp. 1988). Thus, the trial judge is not given unfettered discretion to impose such a sentence. Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990).
Akbar finally claims that subsection (4)(c) is unconstitutionally vague. That subsection provides:
If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section. At any time when it appears to the court that the defendant is a habitual felony offender or a habitual violent felony offender, the court shall make that determination as provided in subsection (3).
He argues that the second sentence above makes habitual offender sentencing mandatory, while the first sentence makes it discretionary. To the contrary, the second sentence provides that if it appears that a defendant may meet the criteria of the statute, the court is then required to determine in a separate proceeding whether the defendant is subject to the statute. Even if a defendant is determined to be so subject, the court still retains the discretion, under the first sentence of subsection (4)(c), to decline to impose the enhanced penalty if the court decides that such is not necessary for the protection of the public, which is the underlying purpose of the statute. This provision is not unconstitutionally vague.
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.