PER CURIAM.
Larry Robinson has appealed an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Robinson pled guilty to and was convicted of an unnamed offense, and sentenced as an habitual felony offender on February 5,1991. He did not appeal. Robinson filed the instant motion on January 23, 1992, alleging that his counsel was ineffective in failing to argue that section 775.084, Florida Statutes, as amended by Chapter 89-280, Laws of Florida, violated the single-subject rule of the Florida Constitution. See Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991). The trial court denied the motion, finding that review of Johnson was pending in the Florida Supreme Court and thus the case was not yet final.
The motion was correctly denied. First of all, the Johnson ruling on single-subject constitutionality had not been made at the time Robinson was sentenced. Further, the constitutionality argument raised by Robinson will not be considered if habituali-zation would have occurred under the pre-amendment statute. King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991). Robinson’s motion does not allege nor can we tell from its contents that he would not have been habitualized under the pre-amendment statute. Therefore, it states, no grounds for relief on this issue, and was properly denied.
Affirmed.
JOANOS, C.J., and BOOTH and MINER, JJ., concur.