PER CURIAM.
Felix Colon Perez has appealed from an order of the trial court summarily denying his motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm, without prejudice to the filing in the trial court of a motion which sets forth the offense of which Perez was convicted, and the date of that conviction.
In March 1992, after pleading guilty to an unstated offense, Perez was sentenced as an habitual felony offender. In April 1992, he filed the instant motion, the gravamen of which is that his sentence was illegal based on the unconstitutionality of section 775.084, Florida Statutes (1989), as amended by Chapter 89-280, Laws of Florida. See Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), jurisdiction accepted Case Nos. 79,150 and 79,204 (consolidated). Perez alleges that his offense occurred during the period to which Johnson applies (October 1, 1989 to May 2, 1991), but does not specify the offense or the date. The trial court summarily denied the motion, finding both that Johnson was inapplicable, and that it was not yet final because before the Florida Supreme Court for review.
We affirm, on the sole ground that, because Perez’ motion fails to allege the nature of his offense and the date of its commission, we cannot determine that he is entitled to raise the single-subject constitutionality issue. See Robinson v. State, 603 So.2d 50 (Fla. 1st DCA 1992); Johnson v. State, 603 So.2d 51 (Fla. 1st DCA 1992) (the single-subject constitutionality argument will not be considered if the defendant would have been habitualized regardless of the affected amendments). Our affir-mance is without prejudice to the filing in the trial court of a motion pursuant to Rule 3.850 which sets forth the nature of Perez’ offense and the date of its commission.
Affirmed.
JOANOS, C.J., and ERVIN and ALLEN, JJ., concur.