PER CURIAM.
John Howard has appealed from an habitual felony offender sentence imposed after his conviction of battery on a law enforcement officer. We affirm.
After Howard’s conviction, the state sought habitual felony offender classification based on three Florida felony convictions occurring in 1987 and 1989. Howard did not dispute these convictions, and the trial court sentenced him to 6 years as an habitual felony offender without making the findings set forth at section 775.-084(l)(a), Florida Statutes (1989).
Howard’s appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), averring that he can make no good faith argument for reversal. In its answer brief, the state notes an issue under Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991), jurisdiction accepted, 613 So.2d 465, to wit: the trial court’s failure to make the findings set forth at section 775.-084(l)(a). In a pro se initial brief, Howard alleges the unconstitutionality of section 775.084(l)(a) as amended by Ch. 89-280, see Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), approved 616 So.2d 1 (Fla.1993), as well as several scoresheet errors.
As to the trial court’s failure to make the findings set forth at section 775.084(l)(a), we find that, under the circumstances of this case, the error was harmless. See State v. Rucker, 613 So.2d 460 (Fla. February 4, 1993). The issues raised by Howard pro se are without merit. See Robinson v. State, 603 So.2d 50, 51 (Fla. 1st DCA 1992) (the single-subject constitutionality issue will not be considered if the appellant would have been habitualized under the pre-amendment statute); § 775.084(4)(e), *230 Fla.Stat. (habitual offender sentences are not subject to the sentencing guidelines).
Affirmed.
JOANOS, C.J., and ERVIN and WEBSTER, JJ., concur.