PER CURIAM.
Calvin Lee has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
In May 1991, Lee pled guilty to and was convicted of the sale and delivery of cocaine. He received two concurrent 10-year terms as an habitual felony offender. On October 1, 1992, Lee filed the instant motion alleging that the sentences were illegal. He pointed out that he committed his crimes in October and November 1990, during the period (October 1, 1989 — May 2, 1991) in which section 775.084, Florida Statutes, as amended by Ch. 89-280, Laws of Florida, was unconstitutional as violative of the single-subject rule of the Florida Constitution. See Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), approved State v. Johnson, 616 So.2d 1 (Fla.1993). The trial judge denied the motion without comment.
In Perez v. State, 606 So.2d 756 (Fla. 1st DCA 1992), the defendant filed a similar 3.850 motion, but failed to allege that he committed his offense during the period of unconstitutionality stated above. Thus, this court could not determine that he was entitled to consideration of the issue. We affirmed the denial of the motion, but without prejudice to the filing of a motion in the trial court alleging the necessary information. Perez at 757.
In the same vein, the constitutionality argument will not be considered if the defendant would have been habitualized regardless of the Ch. 89-280 amendments. Perez at 757. Those amendments essentially provided that out-of-state convictions could be used to qualify a defendant as an habitual felony offender, and added aggravated battery as a qualifying offense for habitual violent felony offender status. Lee was not sentenced as a violent felony offender, and does not allege that out-of-state convictions were used to qualify him as an habitual offender. Therefore, as in Perez, this court cannot determine that Lee was entitled to consideration of the issue.
We therefore affirm the order herein appealed, without prejudice to the filing of a sworn 3.850 motion which alleges and shows that, absent the amendments, Lee would not have been habitualized.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ„ concur.