PER CURIAM.
The appellant challenges an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The appellant’s motion is facially insufficient, and was properly subject to summary denial, for failing to include the oath required by Rules 3.850 and 3.987. Woolbright v. State, 606 So.2d 379 (Fla. 1st DCA 1992).[1]
The motion was also insufficient for failing to allege facts essential to appellant’s claim that he was improperly sentenced as an habitual felony offender under the 1989 amendments that were held unconstitutional in State v. Johnson, 616 So.2d 1 (Fla.1993). Specifically, the motion does not allege that appellant’s offense was committed within the “window period” during which the 1989 amendments were violative of the single-subject rule (October 1, 1989 — May 2, 1991). Neither does it allege that appellant’s habitual offender sentence was in any way produced by the amendments, which allowed habitualization based upon prior out-of-state convictions. Consequently, we cannot determine that appellant was entitled to consideration of this issue. See Lee v. State, 615 So.2d 232 (Fla. 1st DCA 1993); Perez v. State, 606 So.2d 756 (Fla. 1st DCA 1992).
*93 We therefore affirm the order herein appealed, without prejudice to the filing of a properly sworn 3.850 motion which alleges and shows that, absent the amendments, appellant would not have been habitualized.
BOOTH, MINER and KAHN, JJ., concur.

. Neither did the motion contain any form of unnotarized oath, such as that approved in State v. Shearer, 628 So.2d 1102 (Fla.1993), wherein the movant attests to the truth of the facts alleged in the motion.