388 So.2d 1029 (1980)
STATE of Florida, Appellant,
v.
Robert Ike COMBS, Appellee.
No. 57628.
Supreme Court of Florida.
September 25, 1980.
*1030 Jim Smith, Atty. Gen., and William I. Munsey, Jr., and G.P. Waldbart, Asst. Attys. Gen., Tampa, for appellant.
Douglas M. Midgley, Public Defender, and Gordon R. Duncan, Asst. Public Defender of the Twentieth Judicial Circuit, Fort Myers, and Jack O. Johnson, Public Defender of the Tenth Judicial Circuit, Bartow, for appellee.
ADKINS, Justice.
The State brings this appeal from an order of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County dismissing an indictment on the grounds that the statute on which it was based was unconstitutional. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972).
Count II of the indictment in this case charged appellee, hereinafter defendant, with attempted first degree murder, section 777.04 Florida Statutes (1977). Section 777.04 is entitled "Attempts, solicitation, conspiracy, generally." The first three subsections define the crimes and the fourth provides the appropriate punishment.[1] The defendant successfully argued to the trial court that the statute violates the single subject requirement of article III, section 6 of the Florida Constitution, "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."
In Santos v. State, 380 So.2d 1284 (Fla. 1980), we held that "article III, section 6, does not require sections of the Florida Statutes to conform to the single subject requirement. The requirement applies to `laws' in the sense of acts of the legislature." Id. at 1285. Section 777.04 was enacted as chapter 74-383, Laws of Florida, and adopted or re-enacted in chapter 77-266, Laws of Florida. Article III, section 6 of our constitution applied only to chapter 74-383, Laws of Florida, and only so long as it remained a "law." Once re-enacted as a portion of the Florida Statutes it was not subject to challenge under article III, section 6. There have been no subsequent *1031 pertinent amendments to justify a challenge at this point.
The order of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] (1) Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).

(2) Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation and shall, when no express provision is made by law for the punishment of such solicitation, be punished as provided in subsection (4).
(3) Whoever shall agree, conspire, combine, or confederate with another person or persons to commit any offense of criminal conspiracy and shall, when no express provision is made by law for the punishment of such conspiracy, be punished as provided in subsection (4).