515 So.2d 217 (1987)
LOXAHATCHEE RIVER ENVIRONMENTAL CONTROL DISTRICT, Petitioner,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, Respondent.
No. 69701.
Supreme Court of Florida.
November 12, 1987.
W. Jay Hunston, Jr. of DeSantis, Cook & Gaskill, P.A., North Palm Beach, for petitioner.
Richard L. Oftedal, West Palm Beach, for respondent.
Phillip C. Gildan of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, amicus curiae for Palm Beach County.
Sydney H. McKenzie III, Gen. Counsel and Gene T. Sellers, Counsel, State Bd. of Educ., Tallahassee, amicus curiae for Florida Dept. of Educ.
Joseph L. Shields, Tallahassee, amici curiae for Florida School Boards Ass'n and Florida Ass'n of School Administrators.
GRIMES, Justice.
This is a petition for review of the decision in Loxahatchee Environmental Control District v. School Board, 496 So.2d 930 *218 (Fla. 4th DCA 1986), upholding the constitutionality of section 235.26(1), Florida Statutes (1981). We have jurisdiction under article V, section 3(b)(3), of the Florida Constitution.
The Loxahatchee River Environmental Control District (District) operates a regional sewage and sanitation treatment facility which serves property owners in portions of Palm Beach and Martin counties. This case resulted from a dispute over whether the Palm Beach County School Board (Board) was required to pay certain fees to the District as a prerequisite for the right to connect a school to the District's wastewater system when it reaches the environs of the school. A more detailed explanation of the facts may be found in the opinion of the district court of appeal. The resolution of the dispute turned on whether section 235.26(1) exempted the Board from paying the fees. Both the trial court and the district court of appeal upheld the constitutionality of the statute and ruled that the statute relieved the Board of the requirement to pay the fees.
Essentially, the District makes the same broad-ranging attack on the constitutionality of section 235.26(1) as it did in the district court of appeal. We hold that the statute is a constitutional exercise of the legislature's power. We address only the Board's contention with respect to article III, section 6 of the Florida Constitution because the opinion of the district court of appeal adequately disposes of the District's remaining constitutional arguments.
Section 235.26(1), which is part of the statute directing the State Board of Education to adopt a uniform state building code for planning and construction of public educational facilities, reads as follows:
(1) UNIFORM BUILDING CODE.  All public educational and ancillary plants constructed by a board, except the Board of Regents, shall conform to the State Uniform Building Code for Public Educational Facilities Construction, and such plants are exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits, ordinances, and impact fees or service availability fees. Any inspection by local or state government shall be based on the Uniform Building Code as prescribed by rule. Each board shall provide for periodic inspection of the proposed educational plant during each phase of construction to determine compliance with the Uniform Building Code.
(Emphasis added.) The italicized language was added by chapter 81-223, Laws of Florida. The District contends that the title of chapter 81-223 failed to give the notice required by article III, section 6 of the Florida Constitution with respect to the added language.
The pertinent portion of article III, section 6, reads as follows:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.
While inclining toward the position that the title was adequate, the district court declined to specifically reach that conclusion. Rather, the court held that once the challenged law had been reenacted as a portion of the Florida Statutes, it was not subject to challenge under article III, section 6.
At every odd-year regular session, the legislature, as part of its program of continuing revision, adopts the laws passed in the preceding odd year as official statute laws and directs that they take effect immediately under the title of "Florida Statutes" dated the current year.[*] In Santos v. State, 380 So.2d 1284 (Fla. 1980), this Court held that when laws passed by the legislature are adopted and codified in this manner, the restrictions of article III, section 6, pertaining to one subject matter and notice in the title no longer apply. Accord State v. Combs, 388 So.2d 1029 (Fla. 1980). While both of those cases were considering alleged violations of the single subject rule, *219 the principle clearly applies to the requirement for the subject of the legislation to be "briefly expressed in the title."
Notwithstanding, the District argues that this cannot be the law because otherwise cases such as Bunnell v. State, 453 So.2d 808 (Fla. 1984), would not have been rendered. In Bunnell, the defendant had been charged with violating a recently enacted 1981 statute pertaining to obstruction of justice by giving false information. The Court held that the law had been enacted in violation of the one subject provision of article III, section 6. The decision was rendered on July 19, 1984, at a time after the law had been reenacted as a portion of the Florida Statutes, but the opinion did not mention this fact.
We believe that the two principles can be reconciled. A law passed in violation of the requirements of article III, section 6, is invalid until such time as it is reenacted for codification into the Florida Statutes. See Thompson v. Intercounty Tel. & Tel. Co., 62 So.2d 16 (Fla. 1952). Thus, the statute cannot be considered with reference to what has occurred prior to that time. In Bunnell's case, the conduct for which he was being charged occurred before the statute was adopted and codified. Hence, principles of ex post facto prevented the law from applying to him.
In the instant case, the dispute arose in the fall of 1981, before Chapter 81-223 had been reenacted. If the law were held to violate article III, section 6, the Board would not have been exempt from the payment of the fees at that time. Therefore, even though the Board would be under no obligation to pay such fees once the statute was reenacted, we think it advisable to address the sufficiency of the title of chapter 81-223 with respect to the notice required by article III, section 6.
The language in the lengthy title to chapter 81-223 pertinent to the challenged amendment reads:
An act relating to educational facilities construction and funding; amending, creating and repealing various sections in chapter 235, Florida Statutes ... modifying certain standards relating to safety, sanitation, sites, coordination of local construction planning, facilities design, construction techniques, new construction, day labor projects, and the State Uniform Building Code ... reviving and readopting certain sections of chapter 235, Florida Statutes.
In addressing the contention that a statute violated article III, section 6, this Court has said:
The title of a statute need not index all of the statute's contents. The proper test is whether the title is so worded as not to mislead a person of average intelligence as to the scope of the enactment and is sufficient to put that person on notice and cause him to inquire into the body of the statute itself.
Williams v. State, 370 So.2d 1143, 1144 (Fla. 1979). Measured by this criterion, we believe that the reference to modifying certain standards relating to the State Building Code constituted sufficient notice for purposes of article III, section 6, In fact, the District does not argue that the title gave insufficient notice of adding impact fees or service availability fees, as such, to the list of fee exemptions already in the statute. Rather, the District contends that if the language added to section 235.26(1) is construed to include utility charges as well as building related fees, the title gave inadequate notice because there was no reference to utilities. We are not persuaded by the District's argument.
In Contractors & Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976), this Court upheld the collection of "impact fees." There, the fees were imposed upon the issuance of building permits and earmarked for capital improvements to the water and sewage systems which were operated by the City of Dunedin. We believe that the impact fees and service availability fees charged by utility companies, such as the District, are not so different from those charged by municipalities to pay for capital improvements to water and sewer services as to require a specific reference to the word "utility" in the title of the act.
*220 The District's nonconstitutional arguments are directed toward whether the specific fees in issue were really impact fees and service availability fees as contemplated by the statute. Clearly, the fees were not charges for current connections or services. Ironically, one of them was even designated as a service availability standby charge. Notwithstanding, the District persists in its view that fees of this nature which are charged by utilities are different from such fees charged by municipalities in connection with the issuance of building permits. However, the trial judge made a finding that the District's fees were impact fees and service availability fees within the meaning of the statute, and there is competent, substantial evidence to support that conclusion.
We approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[*] A more complete explanation of this procedure may be found in the Preface to the official Florida Statutes.