589 So.2d 1370 (1991)
Cecil B. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-742.
District Court of Appeal of Florida, First District.
November 15, 1991.
Motion to Certify Question Denied December 10, 1991.
Nancy A. Daniels, Public Defender, and Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant was found guilty of sale or delivery of cocaine, and after proper notice and submission of proof of prior convictions, he was sentenced as an habitual violent felony offender. The issues on appeal are: (1) whether Chapter 89-280, Laws of Florida, which amended section 775.084, the habitual felony offender provision, violates the one-subject rule of the Florida Constitution, and (2) whether section 775.084, Florida Statutes (1989), is inequitable, irrational, and vague, in violation of Article I, sections 9 and 16 of the Florida Constitution, and the Fourteenth Amendment to the U.S. Constitution. We reverse, and certify as a question of great public importance *1371 whether Chapter 89-280 violates the single subject rule of the Florida Constitution.
Since the instant offense was committed within the time period between the October 1, 1989, effective date of the 1989 amendments to the habitual felony offender provisions and their re-enactment, effective May 2, 1991, as a part of the Florida Statutes, we address appellant's argument that section 775.084, Florida Statutes (1989), as amended, violates the one-subject rule. See Ch. 89-280, § 12, Laws of Fla.; Ch. 91-44, Laws of Fla. The single subject rule of Article III, section 6, Florida Constitution,[1] is not violated where the different targets of an act are naturally and logically connected. The subject matter of an act may be as broad as the legislature chooses, so long as the matters included have a natural or logical connection. See Burch v. State, 558 So.2d 1 (Fla. 1990); Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987); Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981); State v. Lee, 356 So.2d 276 (Fla. 1978); Alterman Transport Lines, Inc. v. State, 405 So.2d 456 (Fla. 1st DCA 1981); Blankenship v. State, 545 So.2d 908 (Fla. 2d DCA 1989), approved, 556 So.2d 1108 (Fla. 1990). The test for determining duplicity of subject "is whether or not the provisions of the bill are designed to accomplish separate and disassociated objects of legislative effort." Burch v. State, 558 So.2d at 2, quoting State v. Thompson, 120 Fla. 860, 163 So. 270 (1935).
The single subject rule reference to "laws" applies to acts of the legislature. Santos v. State, 380 So.2d 1284 (Fla. 1980). Once an act is re-enacted as a portion of the Florida Statutes, it is no longer subject to challenge under Article III, section 6. State v. Combs, 388 So.2d 1029 (Fla. 1980); Alterman Transport Lines, Inc. v. State, 405 So.2d at 461.
The title of the act at issue designates it an act relating to criminal law and procedure. The first three sections of the act amend section 775.084, Florida Statutes, pertaining to habitual felony offenders; section 775.0842, Florida Statutes, pertaining to career criminal prosecutions; and section 775.0843, Florida Statutes, pertaining to policies for career criminal cases. Sections four through eleven of the act pertain to the Chapter 493 provisions governing private investigation and patrol services, specifically, repossession of motor vehicles and motorboats.
The state argues that there is a "cogent relationship" between the habitual felony provisions and the repossession provisions of the act. The state notes that appellant's offense occurred between the October 1, 1989, effective date of Chapter 89-280 and the May 2, 1991, effective date of Chapter 91-44, which re-enacted the 1989 amendments as a part of the Florida Statutes. We find it somewhat difficult to discern a logical or natural connection between career criminal sentencing and repossession of motor vehicles by private investigators. Therefore, while the statute is not presently susceptible to a constitutional single subject challenge, see State v. Combs, 388 So.2d at 1030, we deem that in the narrow time frame of this case, appellant has raised a viable question concerning the legitimacy of the 1989 amendments to section 775.084, prior to their formal incorporation into the Florida Statutes. In making this determination, we are cognizant that the fourth district has held, with a citation to Burch v. State, 558 So.2d 1 (Fla. 1990), but without further discussion, that Chapter 89-280, amending section 775.084, does not violate the single subject rule of Article III, section 6, Florida Constitution. See Jamison v. State, 583 So.2d 413 (Fla. 4th DCA 1991); McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991).
We find it unnecessary to address appellant's other constitutional challenges to section 775.084, since they have been considered and rejected numerous times by this court and other district courts of appeal. See, e.g., Wagner v. State, 578 So.2d 56 (Fla. 1st DCA 1991); Wilson v. State, *1372 574 So.2d 1170 (Fla. 1st DCA 1991), review denied, 583 So.2d 1038 (Fla. 1991); Smith v. State, 573 So.2d 1015 (Fla. 1st DCA 1991); Akbar v. State, 570 So.2d 1047 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla. 1990); Arnold v. State, 566 So.2d 37 (Fla. 1st DCA 1990), review denied, 576 So.2d 284 (Fla. 1991); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla. 1990); Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991); Collins v. State, 571 So.2d 583 (Fla. 4th DCA 1990).
Accordingly, we reverse appellant's sentence as an habitual violent felony offender, and remand for resentencing. However, we certify the following question to the supreme court as a question of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084(1)(a)1, FLORIDA STATUTES (1989), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
ALLEN, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Art. III, § 6, Fla. Const. (1968), provides in part: "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."