PER CURIAM.
Stanley Leon Brown has appealed a sentence imposed after pleading guilty to grand theft, and admitting a community control violation (he had received community control as a condition of probation after pleading guilty to the offense of lewd act on a child in an unrelated case). His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) averring that he could make no good faith argument for reversi *508 ble error, save that the written probation order reflected a special condition not orally pronounced at sentencing. The state has moved to dismiss the appeal for lack of jurisdiction based on Brown’s guilty plea.
The motion to dismiss the appeal is denied. See Pyle v. State, Case No. 90-3800, — So.2d - (Fla. 1st DCA 1992). We reverse, and remand for correction of the written order of probation to conform to the oral pronouncement of the probation conditions at the sentencing hearing.[1]
JOANOS, C.J., and ERVIN and MINER, JJ., concur.

. At the sentencing proceeding, the trial court orally reimposed the conditions of probation previously imposed after Brown’s guilty plea to the offense of lewd act on a child. The previous conditions did not require Brown to “undergo alcohol/substance abuse screening and, if deemed necessary by your Officer, immediately become enrolled in and satisfactorily complete alcohol/substance abuse counselling or treatment as directed by the Officer,” but this condition was reflected in the written probation order entered herein.