PER CURIAM.
This cause is before us on appeal from judgments and sentences. Appellant raises five issues, but we need only discuss his contention that his habitual violent felony offender sentences are illegal. This court has previously held that chapter 89-280, Laws of Florida, which amended inter alia section 775.084(l)(b), Florida Statutes, the habitual violent felony offender provision under which appellant was sentenced, violates the single-subject rule of the Florida Constitution.[1] Johnson v. State, 589 So.2d 1370, 1371 (Fla. 1st DCA 1991). Appellant’s failure to raise this issue in the trial court does not prevent him from raising the issue here. Claybourne v. State, 600 So.2d 516, 517 (Fla. 1st DCA 1992).
Appellant committed the offenses for which he was sentenced between the October 1, 1989 effective date of the 1989 amendments, and May 2, 1991, the date the amendments were reenacted as part of the Florida Statutes. Our review of the record indicates that appellant did not qualify for habitual violent felony offender sentencing under the 1988 version of the habitual violent felony offender statute. We must therefore reverse. As in Johnson and Clayboume, however, we certify the following question to the Supreme Court as one of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES, WERE UNCONSTITUTIONAL PRIOR TO THEIR REENACTMENT OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE-SUBJECT RULE OF THE FLORIDA CONSTITUTION.
BOOTH, SHIVERS and WEBSTER, JJ., concur.

. Art. III, § 6, Fla.Const.