616 So.2d 1 (1993)
STATE of Florida, Petitioner,
v.
Cecil B. JOHNSON, Respondent.
STATE of Florida, Appellant,
v.
Cecil B. JOHNSON, Appellee.
Nos. 79150, 79204.
Supreme Court of Florida.
January 14, 1993.
Rehearing and Clarification Denied April 8, 1993.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., Bureau Chief, and Charlie McCoy, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for petitioner/appellant.
Nancy A. Daniels, Public Defender, and Steven A. Rothenburg and Jamie Spivey, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for respondent/appellee.
*2 OVERTON, Justice.
We have for review Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), in which the district court held that the amendments to section 775.084, Florida Statutes (1989) (the habitual violent felony offender statute), contained in chapter 89-280, Laws of Florida, violated the single subject rule of article III, section 6, of the Florida Constitution.[1] The district court acknowledged conflict with Jamison v. State, 583 So.2d 413 (4th DCA), rev. denied, 591 So.2d 182 (Fla. 1991), and McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991),[2] and certified the following to be a question of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084(1)([b])(1), FLORIDA STATUTES (1989), WERE UNCONSTITUTIONAL PRIOR TO THEIR REENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
Johnson, 589 So.2d at 1372. We have jurisdiction. Art. V, § 3(b)(1), (3)-(4), Fla. Const. We answer the certified question in the affirmative and, for the reasons expressed, approve the decision of the district court in this case.
Through an information filed on July 23, 1990, Johnson was charged with the sale or delivery of cocaine. The offense occurred on July 5, 1990. Subsequently, the prosecution filed a notice of intent to classify Johnson as a habitual violent felony offender pursuant to section 775.084. The notice was filed on February 1, 1991, and sought to have Johnson's sentence enhanced on the basis of a prior violent felony conviction on July 16, 1987, for "aggravated battery." On February 21, 1991, Johnson was sentenced to a term of twenty-five years as a habitual violent felony offender, with a ten-year minimum mandatory sentence.
On appeal, Johnson contested his sentence on the grounds that the amendments to the habitual offender statute contained in chapter 89-280 violated the single subject rule of article III, section 6, of the Florida Constitution. Chapter 89-280 contained amendments to sections 775.084, 775.0842, and 775.0843, Florida Statutes (1989), governing sentences for habitual felony offenders, and amendments to chapter 493, Florida Statutes (1989), relating to the repossession of personal property and the licensing requirements of persons authorized to repossess such property. Critical to Johnson's sentencing was the amendment to section 775.084(1)(b)(1)k, which added to the habitual violent felony offender category, a defendant who was previously convicted of an "aggravated battery."
Chapter 89-280 was enacted effective October 1, 1989. Chapter 91-44, Laws of Florida, reenacted the 1989 amendments contained in chapter 89-280, effective May 2, 1991, as part of the biennial adoption of the Florida Statutes. The reenactment has the effect of adopting as the official statutory law of the state those portions of statutes that are carried forward from the preceding adopted statutes. Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of article III, section 6, of the Florida Constitution. See Loxahatchee River Envtl. Control Dist. v. School Bd., 515 So.2d 217 (Fla. 1987); State v. Combs, 388 So.2d 1029 (Fla. 1980) (the single subject requirement of article III, section 6, only applies to "chapter laws," and sections of the Florida Statutes need not conform to the requirement); see also *3 Linda S. Jessen, Preface to Florida Statutes at vi (1991).
Johnson's offense was committed before the reenactment of chapter 89-280 and during the window period in which that chapter was subject to attack as being violative of the constitution's single subject requirement. The window period in this instance ran from October 1, 1989, the effective date of chapter 89-280, to May 2, 1991, the date on which chapter 89-280 was reenacted. Consequently, Johnson had standing to raise the single subject violation. This single subject challenge was not raised before the trial court. Nevertheless, the district court addressed the issue and agreed that the constitutional single subject requirement had been violated, certifying the aforementioned question to this Court.
The State now challenges the district court's decision on two grounds. The State first asserts that Johnson is prohibited from challenging the constitutionality of chapter 89-280's amendments for the first time on appeal because the issue does not constitute fundamental error. Alternatively, the State contends that the amendments contained in chapter 89-280 do not violate article III, section 6, because the amendments all relate to the single subject of controlling crime and, consequently, are properly connected as required by the Florida Constitution.

The Fundamental Error Question
A facial challenge to a statute's constitutional validity may be raised for the first time on appeal only if the error is fundamental. Trushin v. State, 425 So.2d 1126 (Fla. 1982); Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). In Sanford, we reviewed an article III, section 6, constitutional attack on the validity of a chapter law similar to the issue before us here. In that case, we evaluated the question of whether the arguments raised regarding an award of attorney's fees constituted fundamental error so as to allow us to consider a constitutional challenge to the chapter law's title, a challenge that had been raised for the first time on appeal. Because the merits of the case involved an employment retention and compensation question, we determined that the issue of attorney's fees did not go to the merits or the foundation of the case. Consequently, we refused to consider the constitutionality of the chapter law because no fundamental error question was raised. Sanford, 237 So.2d at 138. Subsequently, in reviewing other cases where issues were first being raised on appeal, we concluded that, for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process. D'Oleo-Valdez v. State, 531 So.2d 1347 (Fla. 1988); Ray v. State, 403 So.2d 956 (Fla. 1981).
A review of the chapter law at issue reflects that it affects a quantifiable determinant of the length of sentence that may be imposed on a defendant. Section 775.084 allows a court to impose a substantially extended term of imprisonment on those defendants who qualify under the statute. Under the amendments to section 775.084 contained in chapter 89-280, Johnson was sentenced to a maximum sentence of twenty-five years, with a minimum mandatory sentence of ten years. Had he not qualified as a habitual offender under the new amendments, his maximum sentence under the guidelines would have been three and one-half years. Clearly, the habitual felony offender amendments contained in chapter 89-280 involve fundamental "liberty" due process interests. Contrary to the question raised in Sanford, we find the issue in this case to be a question of fundamental error.
We reached a similar conclusion in Trushin by finding that the arguments concerning the constitutional facial validity of the statute under which Trushin was convicted raised a fundamental error. 425 So.2d at 1130. However, we specifically noted in Trushin that "[t]he constitutional application of a statute to a particular set of facts is another matter and must be raised at the trial level." Id. at 1129-30. We conclude that the validity of chapter *4 89-280 falls within the definition of fundamental error as a matter of law and does not involve any factual application. Consequently, we hold that the challenge may be raised on appeal even though the claim was not raised before the trial court.

The Single Subject Requirement
Having found that the constitutional challenge is properly before this Court, we now address Johnson's contention that the amendments to the habitual felony offender statute contained in chapter 89-280 violate the single subject requirement of article III, section 6. We recently addressed the purpose of this single subject requirement in Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla. 1991):
The purpose of this constitutional prohibition against a plurality of subjects in a single legislative act is to prevent "logrolling" where a single enactment becomes a cloak for dissimilar legislation having no necessary or appropriate connection with the subject matter. State v. Lee, 356 So.2d 276 (Fla. 1978). The act may be as broad as the legislature chooses provided the matters included in the act have a natural or logical connection. Chenoweth v. Kemp, 396 So.2d 1122 (Fla. 1981).
In applying that purpose to chapter 89-280, we note the district court's description of that law:
The title of the act at issue designates it an act relating to criminal law and procedure. The first three sections of the act amend section 775.084, Florida Statutes, pertaining to habitual felony offenders; section 775.0842, Florida Statutes, pertaining to career criminal prosecutions; and section 775.0843, Florida Statutes, pertaining to policies for career criminal cases. Sections four through eleven of the act pertain to the Chapter 493 provisions governing private investigation and patrol services, specifically, repossession of motor vehicles and motorboats.
Johnson, 589 So.2d at 1371. As the district court noted, it is "difficult to discern a logical or natural connection between career criminal sentencing and repossession of motor vehicles by private investigators." Id. We agree. Chapter 89-280 addresses two very separate and distinct subjects, the first being the habitual offender statute, and the second being the licensing of private investigators and their authority to repossess personal property. These two concerns have absolutely no cogent connection; nor are they reasonably related to any crisis the legislature intended to address. See Scanlan; Burch v. State, 558 So.2d 1 (Fla. 1990); Bunnell v. State, 453 So.2d 808 (Fla. 1984). No reasonable explanation exists as to why the legislature chose to join these two subjects within the same legislative act, and we find that we must reject the State's contention that these two subjects relate to the single subject of controlling crime.
We hold that chapter 89-280 violates article III, section 6, of the Florida Constitution. However, we conclude that chapter 91-44's biennial reenactment of chapter 89-280, effective May 2, 1991, cured the single subject violation as it applied to all defendants sentenced under section 775.084 whose offenses were committed after that date. Consequently, the amendments contained within chapter 89-280 became effective on May 2, 1991, rather than October 1, 1989. See Loxahatchee River Envtl. Control Dist. v. School Bd., 515 So.2d 217 (Fla. 1987); State v. Combs, 388 So.2d 1029 (Fla. 1980).
We realize that this decision will require the resentencing of a number of individuals who were sentenced as habitual felony offenders under section 775.084 as amended by chapter 89-280 and whose offenses were committed before May 2, 1991. However, the resentencing requirement will apply only to those defendants affected by the amendments to section 775.084 contained in chapter 89-280, such as the addition of the aggravated battery conviction category at issue here. This result is mandated by the legislature's failure to follow the single subject requirement of the constitution. Had the legislature passed the habitual offender amendments in a single act, this case would not be before us today.
*5 Accordingly, for the reasons expressed, we approve the decision of the district court in the instant case and disapprove the decisions of the Fourth District Court of Appeal in Jamison v. State, 583 So.2d 413 (4th DCA), rev. denied, 591 So.2d 182 (Fla. 1991), and McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991). This cause is remanded for resentencing in accordance with the valid laws in effect at the time of Johnson's sentencing on February 21, 1991.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
In Jamison v. State, 583 So.2d 413 (Fla. 4th DCA), rev. denied, 591 So.2d 182 (Fla. 1991), and McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), the court relied upon this Court's decision in Burch v. State, 558 So.2d 1 (Fla. 1990), in concluding that chapter 89-280 did not violate the single subject rule. As the author of the Burch opinion, I find that case to be substantially different. The Burch legislation was upheld because it was a comprehensive law in which all of the parts were at least arguably related to its overall objective of crime control. Here, however, chapter 89-280 is directed only to two subjects  habitual offenders and repossession of motor vehicles and motor boats  which have no relationship to each other whatsoever. Thus, I conclude that this case is controlled by the principle of Bunnell v. State, 453 So.2d 808 (Fla. 1984), rather than Burch.
NOTES
[1] Article III, section 6, provides: "Every law shall embrace but one subject and matter properly connected therewith... ."
[2] McCall is a one paragraph opinion in which the Fourth District Court of Appeal held that chapter 89-280 did not violate the constitutional single subject requirement. As such, in Johnson the First District acknowledged conflict with McCall. However, the record in McCall reflects that McCall's sentence is actually outside the scope of this review. McCall was sentenced under section 775.084 because of several prior felony convictions, including delivery of cocaine and grand theft. None of the prior conviction categories under which McCall was habitualized were altered by the amendments to the statute contained in chapter 89-280. Consequently, McCall's sentence is unaffected by this opinion.