OVERTON, Justice.
We have for review Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA1991), in which the district court held that Perkins’ sentence as a habitual violent felony offender under section 775.084, Florida Statutes (1989), did not violate constitutional due process requirements, the protection against double jeopardy, or the constitutional prohibition against ex post facto laws.[1] We recently approved a similar holding in Tillman v. State, 609 So.2d 1295 (Fla.1992). Consequently, we approve the district court’s holding in this case.
Nevertheless, based on our decision in State v. Johnson, 616 So.2d 1 (Fla.1993), we must remand this cause for resentenc-ing. The record reflects that Perkins was sentenced as a habitual violent felony offender under an amendment to section 775.-084 contained in chapter 89-280, Laws of Florida. In Johnson, we determined that chapter 89-280 violated the single subject provision of article III, section 6, of the Florida Constitution. As such, Perkins’ sentence as a habitual violent felony offender is unconstitutional. Accordingly, we remand this cause for resentencing in accordance with our decision in Johnson.
It is so ordered.
MCDONALD, SHAW, GRIMES and HARDING, JJ., concur.
BARKETT, C.J., and KOGAN, J., concur in result only.

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.