OVERTON, Justice.
We have for review McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), in which the district court held that chapter 89-280, Laws of Florida,[1] did not violate the constitutional single subject requirement of article III, section 6, of the Florida Constitution. We recently reached a contrary result in addressing that same issue in State v. Johnson, 616 So.2d 1 (Fla.1993).[2] In accordance with our decision in Johnson, we quash, in part, the district court’s decision in McCall.
*11 Nevertheless, we approve McCall’s sentence. As we noted in Johnson, the record in this case reflects that McCall was sentenced under section 775.084, Florida Statutes (1989), because of several prior felony convictions, including delivery of cocaine and grand theft. None of the prior conviction categories under which McCall was habitualized were altered by the amendments to section 775.084 contained in chapter 89-280. Consequently, we approve the result of the district court’s decision because McCall's sentence is not affected by our decision in Johnson. We decline to consider the remaining issues raised by McCall.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

. Chapter 89-280 amended section 775.084, Florida Statutes (1989) (the habitual felony offender statute).

. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.