615 So.2d 745 (1993)
Lamar MIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04431.
District Court of Appeal of Florida, Second District.
February 19, 1993.
Rehearing Denied March 23, 1993.
PER CURIAM.
Lamar Miffin appeals the summary denial of his motion to correct sentence. We affirm.
*746 Miffin received an enhanced sentence under the habitual offender statute. § 775.084, Fla. Stat. (1989). The supreme court has found that this version of the statute was enacted in violation of the constitutional requirement that legislation embrace a single subject. State v. Johnson, 616 So.2d 1 (Fla. 1993). Miffin's offenses appear to have occurred during the "window period" between the original 1989 enactment of the revised law and its 1991 reenactment.
Chapter 89-280, Laws of Florida, amended the existing statute in several ways, none relevant to the present case. First, the term "qualified offense," relevant to foreign predicate convictions, was expanded to include the District of Columbia, American territories, and foreign countries. Second, the definition of "habitual violent felony offender" was expanded to include persons previously convicted of aggravated battery. Third, section 775.0842, dealing with prosecution of "career criminals," was reworded consistent with these other modifications.
The error described in Johnson is fundamental. However, the supreme court further stated that "the resentencing requirement will apply only to those defendants affected by the amendments to section 775.084 contained in chapter 89-280." 616 So.2d at 4. This is so because when an amendment to a statute is declared unconstitutional, the statute as it existed prior to amendment remains effective. Henderson v. Antonacci, 62 So.2d 5 (Fla. 1952). Johnson was sentenced as a habitual violent felony offender, based on a prior conviction for aggravated battery. He was thus disadvantaged by the statutory amendment. In contrast, Miffin alleges no prejudice from application of the 1989 amendments.[1] He was not sentenced as a habitual violent felony offender, nor was his sentence enhanced by a prior conviction from an American territory or foreign state. Cf. Burton v. State, 616 So.2d 7 (Fla. 1993).
Affirmed.
HALL, A.C.J., and ALTENBERND and BLUE, JJ., concur.
NOTES
[1] After the trial court denied his original motion, Miffin filed a motion for rehearing in which he complained that "the trial court failed to make the findings necessary to qualify the petitioner herein for habitual offender sentencing."

It is not entirely clear what Miffin is talking about. Originally the habitual offender statute required the sentencing court to determine, citing specific and articulable facts, whether an extended sentence "is necessary for the protection of the public." Eutsey v. State, 383 So.2d 219 (Fla. 1980). As noted in King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992), this requirement no longer exists. Moreover, the legislation that accomplished that purpose, Ch. 88-131, § 6, Laws of Fla., is not the same provision that suffers from "single subject" problems and was invalidated in Johnson.
If, on the other hand, Miffin is denying that he qualifies as a habitual offender because of a lack of prior convictions, the error may be addressed via rule 3.800(a). Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla. 1992). In any event Miffin filed his notice of appeal before the trial court could rule on his motion for rehearing. Accordingly, the motion for rehearing is deemed to have been abandoned. Jackson v. State, 570 So.2d 1038 (Fla. 2d DCA 1990), rev. dismissed, 581 So.2d 165 (Fla. 1991).