PER CURIAM.
William Kiely appeals the judgment and sentence imposed upon him after he was convicted of attempted robbery with a firearm. We affirm the judgment but reverse the habitual offender sentence because it violates the holding of State v. Johnson, 616 So.2d 1 (Fla.1993).
After the appellant was convicted, he timely filed a notice of appeal and raised several issues challenging his conviction of attempted robbery with a firearm. We affirm the conviction because the appellant has not demonstrated reversible error in regard to those issues.
We must, however, reverse appellant’s sentence. The Florida Supreme Court in Johnson held that the amendments to section 775.084, Florida Statutes (1989), violated the single subject rule of article, III, section 6 of the Florida Constitution. Under Johnson, resentencing is required only for defendants who committed an offense between October 1, 1989, and May 2, 1991, and whose sentence was affected by the amendments in chapter 89-280, Laws of Florida. One of these amendments provided that prior convictions from other states could be used to qualify a defendant as a habitual felony offender.
The appellant’s attempted robbery charge occurred on March 14,1991, thus placing him within the time frame set forth in Johnson. In addition, the trial court utilized an out of state prior conviction to qualify the appellant as a habitual felony offender. Therefore, the appellant’s sentencing falls within the scope of Johnson and he is entitled to a new sentencing hearing.
Accordingly, we reverse appellant’s habitual felony offender sentence and remand for resentencing. Upon remand, the state will be permitted to prove that appellant otherwise meets the requirements of the habitual felony sentencing statute. Johnson.
Affirmed in part, reversed in part, and remanded.
FRANK, C.J., and SCHOONOVER and THREADGILL, JJ., concur.