627 So.2d 114 (1993)
Scott Hezekiah JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3117.
District Court of Appeal of Florida, First District.
November 30, 1993.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant pled no contest to the 1990 crimes of burglary of a dwelling and grand theft. The trial court classified him as a habitual felony offender and sentenced him to two concurrent 10-year terms of imprisonment. The first appeal resulted in our decision vacating the sentence and remanding in Johnson v. State, 597 So.2d 353 (Fla. 1st DCA 1992), based on grounds not pertinent to this second appeal. At the July 13, 1992, resentencing hearing, the trial judge orally pronounced that Appellant, who had been incarcerated since October 7, 1990, would be entitled to receive credit for the time served since the date of arrest. However, the resentencing form erroneously credited him with only the 41 days between October 7, 1990, and November 16, 1990. Under these circumstances, the trial court's verbal pronouncement controls over any subsequent conflicting written order. Brown v. State, 596 So.2d 507, 508 & n. 1 (Fla. 1st DCA 1992). On this first issue, the state concedes that Appellant is entitled to additional jail credit time. Therefore, we remand the cause with directions for the lower tribunal to correct the amount of jail credit time consistent with the oral pronouncement. Section 921.161(1), Fla. Stat. (1989); Richards v. State, 521 So.2d 292, 293 (Fla. 1st DCA 1988) (sentencing court must specify precise amount of time previously served, whether in county jail or state prison).
Appellant's second issue is a challenge to the constitutionality of the habitual felony offender statute. Appellant committed the instant offenses in May 1990, when the amended 1989 version of the statute applied. Because the crimes occurred during the "window period" described in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), approved, 616 So.2d 1 (Fla. 1993), a constitutional challenge is permitted only if Appellant would not have qualified as a habitual felony offender under the substantially similar pre-amendment (1988) version of the statute. Miffin v. State, 615 So.2d 745 (Fla. 2d DCA 1993) (affirming enhanced sentence *115 where application of statutory amendments did not appear to prejudice defendant bringing "Johnson" challenge of 1989 statute); Tims v. State, 592 So.2d 741 (Fla. 1st DCA 1992). From our review of Appellant's record and the sentencing transcript, we find that Appellant met all of the prerequisites for habitual felony offender classification under section 775.084(1)(a), Florida Statutes (Supp. 1988). McCall v. State, 616 So.2d 10 (Fla. 1993); Howard v. State, 615 So.2d 229 (Fla. 1st DCA 1993). Further, we note that the constitutionality of the 1988 version of section 775.084 has been challenged on identical grounds in numerous prior decisions and has been upheld. See, e.g., Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. den., 581 So.2d 166 (Fla. 1991); Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990), rev. den., 576 So.2d 284 (Fla. 1991) (due process and equal protection challenges); King v. State, 557 So.2d 899 (Fla. 5th DCA), rev. den., 564 So.2d 1086 (Fla. 1990); Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990). Cf. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. den., 576 So.2d 284 (Fla. 1990); Brazil v. State, 604 So.2d 915 (Fla. 1st DCA 1992) (analysis of constitutional challenges of 1987 and 1989 versions of statute, respectively, on same grounds is equally applicable to challenge of 1988 statute).
We AFFIRM Appellant's judgment and sentence in all respects other than the direction, on REMAND, to conform the written jail credit time sentencing form to comport with the oral pronouncements of the trial court.
BARFIELD, WOLF and MICKLE, JJ., concur.