HALL, Acting Chief Judge.
This is the second appeal to this court by Walter Pearce of his habitual offender sentence for one count of burglary and two counts of aggravated assault. We reverse and remand for resentencing.
On February 8,1991, Pearce was originally sentenced for these offenses as a habitual violent felony offender based on prior offenses of attempted aggravated battery and resisting arrest with violence. He received a life sentence for the burglary conviction and concurrent terms of ten years for each aggravated assault conviction. Both sentences included minimum mandatory provisions. This court affirmed Pearce’s judgments and sentences upon direct appeal and upon appeal from the denial of his motion for post-conviction relief. However, in accordance with State v. Johnson, 616 So.2d 1 (Fla.1993), the supreme court quashed this court’s latter decision and remanded for resentencing, 617 So.2d 1057.
At resentencing, the trial court interpreted the supreme court’s opinion to only have reversed Pearce’s status as a habitual violent felony offender. Declaring that its previous findings with regard to Pearce’s habitual offender status were the law of the ease, the court found it unnecessary to hear any evidence and sentenced Pearce as a habitual felony offender to the same term he had originally received, minus the minimum mandatory provisions. This was error.
In Johnson, the supreme court held that the chapter 89-280 amendments to section 775.084, Florida Statutes (1989), which, among other things, added aggravated battery as an offense that could be used to establish habitual offender status, violated the single-subject requirement of the Florida Constitution. However, because the amendments were reenacted on May 2, 1991, the constitutional infirmity was cured with respect to defendants sentenced after that date. As a result, only those defendants affected by the amendments and sentenced *114 between October 1, 1989, the date the amendments were enacted, and May 2, 1991, are required to be resentenced. Thus, Pearce was one of those defendants required to be resentenced.
By resentencing, we mean a full sentencing proceeding which necessarily includes the presence of the defendant and his Or her attorney ... so that the defendant has the opportunity to submit evidence relevant to the sentence if warranted unless otherwise ordered by this Court.
Griffin v. State, 517 So.2d 669, 670 (Fla.1987).
Since the aggravated battery conviction could not be used as a basis for sentencing Pearce as a habitual offender, the trial court erred in ruling that it could again rely on that conviction. Thus, for that reason alone, a full sentencing hearing was required on remand.
Accordingly, we reverse Pearce’s sentence and remand for resentencing.
Reversed and remanded for resentencing.
BLUE and FULMER, JJ., concur.