PER CURIAM.
Michael Rankin appeals his habitual felony offender sentence for robbery with a firearm[1], contending it violates State v. Johnson, 616 So.2d 1 (Fla.1993). We agree, as does the state.
The robbery of which Rankin was convicted occurred on August 20,1990. Rankin was sentenced as a habitual felony offender based on prior convictions in other states, a basis allowed by the chapter 89-280 amendments to section 776.084, Florida Statutes (1989). However, the supreme court held that those amendments violated the single subject requirement of the Florida Constitution until that violation was cured by the reenactment of the amendments on May 2,1991. Id. at 4. It further held that any defendants sentenced prior to May 2,1991, whose sentences were affected by the chapter 89-280 amendments had to be resentenced. Id.
Accordingly, we reverse Rankin’s sentence and remand for resentencing. Upon remand, the state shall be permitted to present evidence that Rankin meets the criteria of the habitual offender statute.
Reversed and remanded for resentencing.
DANAHY, A.C.J., and THREADGILL and LAZZARA, JJ., concur.

. This sentence was imposed upon remand by this court in Rankin v. State, 596 So.2d 528 (Fla. 2d DCA 1992), in which we reversed and remanded for resentencing in light of Burdick v. State, 594 So.2d 267 (Fla.1992).