PER CURIAM.
Defendant appeals an order of the trial court denying his motion to correct illegal sentence. We affirm. On January 14, 1993, The Florida Supreme Court held that “chapter 89-280 violates article III, section 6, of the Florida Constitution.” State v. Johnson, 616 So.2d 1, 4 (Fla.1993). The court farther concluded that “chapter 91^4’s biennial reenactment of chapter 89-280, effective May 2, 1991, cured the single subject violation as it applied to all defendants sentenced under section 775.084 whose offenses were committed after that date.” Id. The court defined the window period of the effective violation of the single subject rule to be from October 1, 1989 to May 2, 1991, and stated that resen-tencing would apply only to those defendants affected by the amendments to section 775.084 contained in chapter 89-280. For this reason, the decision in Johnson does not apply in the instant case.
The defendant in the instant case pled guilty to a term of years as an habitual offender on the charge of robbery with a weapon and aggravated battery in ease no. 90-5523 committed February 8, 1990, a date within the prescribed time period. However, while in Johnson the addition of aggravated battery to the list of prior enumerated felonies was a portion of the amended statute as well as the basis of Johnson’s enhanced habitual violent felony offender sentence, see Johnson, 616 So.2d at 4, in the ease sub judice, the amendment did not affect the defendant’s sentence based upon the charges listed above. See Freeman v. State, 616 So.2d 155 (Fla. 1st DCA 1993) (habitual offender sentence would be reversed only if defendant was affected by the amendments to section 775.084 contained in chapter 89-280). Accordingly, we conclude that defendant’s motion was properly denied.
Affirmed.