PER CURIAM.
Ricardo Montanez appeals an order denying his motion to correct illegal sentence *1142 under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant was convicted of escape and sentenced as a habitual violent felony offender (“HVFO”).[1] The HVFO adjudication was vacated on account of State v. Johnson, 616 So.2d 1 (Fla.1993). See Montanez v. State, 616 So.2d 58 (Fla. 3d DCA 1992) (on rehearing). The Johnson decision held the 1989 amendments to the HVFO statute unconstitutional on account of a violation of Florida’s single subject rule. On remand, the trial court in 1993, resentenced defendant as a habitual felony offender (“HFO”).
By his Rule 3.800(a) motion, defendant contends that his sentence was “illegal” because imposition of the HFO sentence violated the double jeopardy clause. He argues that once his HVFO sentence was vacated, he had in effect been impliedly acquitted of any disposition under the habitual offender statute, and that the 1993 HFO sentence violated the double jeopardy clause.
The Florida Supreme Court has held that “where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under Rule 3.800.” Hopping v. State, 708 So.2d 263, 265 (Fla.1998). We assume for present purposes that the defendant’s claim would be cognizable under Hopping.
Turning to the merits, we reject defendant’s claim. The Johnson decision held unconstitutional the 1989 amendments to the HVFO statute.[2] The Johnson decision remanded for resentencing in accordance with the applicable valid laws. See id. at 5. This meant that at resentencing, the trial court would have the options of resen-tencing under the 1988 version of the HVFO statute (assuming defendant qualified), or under the HFO statute, or under the guidelines. As the HFO statute is more lenient than the HVFO statute, and as the sentence imposed on the defendant at resentencing was more lenient,[3] there was no double jeopardy violation. The authorities relied on by defendant do not apply to the situation now before us.
Affirmed.

. The date of the crime was November 19, 1990.

. The Johnson decision applied to defendants whose crime date fell in "[t]he window period ... from October 1, 1989, ... to May 2, 1991....” Id. at 3.

.The HVFO sentence carried a mandatory minimum sentence while the HFO sentence did not.