PER CURIAM.
We have for review Valentine v. State, 737 So.2d 654 (Fla. 1st DCA 1999), in which the First District Court of Appeal certified the following question to be one of great public importance:
WHETHER CHAPTER 95-184 VIOLATES ARTICLE III, SECTION 6 OF THE FLORIDA CONSTITUTION.
We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const. Based on our recent decision in Heggs v. State, 759 So.2d 620 (Fla.2000), in which we held chapter 95-184 to be unconstitutional as violative of article III, section 6 of the Florida Constitution, we answer the certified question in the affirmative. Accordingly, we quash the decision below, and remand with directions that Gregory W. Valentine’s sentence on the underlying aggravated battery offense be reversed and the case remanded for resentencing in accordance with the sentencing guidelines in effect before the relevant amendments made in chapter 95-184 became effective.[1]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Valentine committed the underlying aggravated battery offense in this case on March 2, 1997, and he thus has standing to challenge chapter 95-184 on single subject rule grounds. See Trapp v. State, 760 So.2d 924 (Fla.2000). Further, even though Valentine failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. See Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, — U.S. -, 120 S.Ct. *931 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).