SHARP, W., J.,
Andrews appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), seeking to correct his sentence. A Rule 3.800(a) motion is a proper vehicle to use to correct a scoresheet miscalculation. Because there are apparent errors on the face of the scoresheet, we reverse and remand this cause to the trial court.
In 1990, Andrews was convicted of armed burglary of a dwelling with a battery, sexual battery, robbery, and aggravated battery. He was classified as an habitual offender for all four crimes and received a life sentence for the burglary offense.[1]
*1011 In 1997, Andrews filed a prior motion pursuant to Rule 3.800(a) to correct his sentence. It was granted. The trial court removed the habitual offender classification from the armed burglary because at the time Andrews committed this crime, the habitual offender statute did not apply to life felonies. See § 775.084(4)(a), Fla. Stat. (1989). In any event, the court imposed a life sentence under the guidelines.
In this current proceeding, Andrews argues he should be resentenced on all four counts under the sentencing guidelines because the 1989 amendment to the habitual offender statute, which was in effect at the time he committed these offenses, was held to be unconstitutional. See State v. Johnson, 616 So.2d 1 (Fla.1998). However, Andrews does not allege he was affected by the unconstitutional amendment and he has failed to demonstrate how his remaining three habitual offender sentences are illegal.
The trial court attached a copy of Andrews’ sentencing guidelines scoresheet which indicates his guidelines score resulted in a recommended sentence of life imprisonment. In his motion, Andrews notes his armed burglary offense should have been scored as the primary offense, but the scoresheet shows that the sexual battery offense was scored as primary. If he was entitled to de novo sentencing on the armed burglary offense after his habitual offender classification was removed, a new scoresheet should have been prepared with the burglary listed as primary.
Further, not only does the score-sheet fail to list the burglary as the primary offense, it also fails to indicate any life felony was scored. Strangely, the sexual battery conviction was one of the offenses for which Andrews was habitual-ized, so it should not have been included on the scoresheet. See Johnson v. State, 824 So.2d 1012 (Fla. 5th DCA 2002).
REVERSED and REMANDED for further proceedings.
GRIFFIN and PLEUS, JJ., concur.

. Although burglary of a dwelling with a battery is normally a first degree felony punishable by life, Andrews conviction must have *1011 been reclassified to a life felony because of the weapon element.