852 So.2d 349 (2003)
ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, INC., and Manasota-88, Inc., Appellants,
v.
STATE of Florida, and David Struhs, Secretary, Department of Environmental Protection, Appellees.
No. 1D03-1302.
District Court of Appeal of Florida, First District.
August 14, 2003.
David G. Guest and Aliki Moncrief, Tallahassee, for appellants.
David A. Ludder of Legal Environmental Assistance Foundation, Inc., Tallahassee; Dan Hendrickson, Tallahassee; Curt Levine of Mutch & Levine, P.A., Gainesville, for amici curiae Sierra Club, Inc., et al.
Thomas M. Beason, Chief Deputy General Counsel, Department of Environmental Protection, for appellee David Struhs.
Stephen H. Grimes and Lawrence E. Sellers, Jr., of Holland & Knight, LLP, Tallahassee for amicus curiae Florida Home Builders Association.
PER CURIAM.
Appellants seek review of an order of the circuit court dismissing their complaint for declaratory and injunctive relief, in which they alleged that chapter 2002-261, Laws of Florida, violates the single subject requirement of the Florida Constitution. We conclude that as argued by appellee *350 Struhs, the appeal has been rendered moot by the enactment of chapter 2003-25, Laws of Florida, which took effect on July 1, 2003, and reenacted the provisions of chapter 2002-261 as part of the legislature's biennial readoption of the Florida Statutes. See generally Tormey v. Moore, 824 So.2d 137 (Fla.2002)(stating general rule that a single subject violation is cured upon biennial readoption of the Florida Statutes).
Appellants argue that dismissal on this basis would be premature because under section 1 of chapter 2003-25, reenactment "shall take effect immediately upon publication" of the 2003 version of Florida Statutes, and such publication has not yet occurred. However, that same language has been used in prior reenactment acts, and those acts have been construed to make reenactment effective as of the date on which the act became law. See, e.g., Trapp v. State, 760 So.2d 924 (Fla.2000); Tormey v. Moore, supra; State v. Johnson, 616 So.2d 1 (Fla.1993). Consistent with these decisions, we hold that the reenactment of chapter 2002-261 took effect on July 1, 2003, thereby curing any single subject defect. Moreover, while it is true that appellants initiated their challenge during the window period for raising a single subject claim, they have failed to articulate any practical purpose that would be served by allowing this appeal from the denial of declaratory and injunctive relief to continue now that the window period has closed. Accordingly, we conclude that this appeal is moot, and dismiss it on that basis.
APPEAL DISMISSED.
ALLEN, KAHN and DAVIS, JJ., concur.