DAVIS, Judge.
Dwight Roberts challenges the postcon-viction court’s denial of his claim for relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm but write only to address his argument that his habitual violent felony offender (HVFO) sentence is illegal because his principal offenses were committed at a time when the statute in effect did not include aggravated battery as a valid predicate offense for HVFO sentencing. Although we cannot grant Roberts the relief he seeks because we are bound by the specific language of the Florida Supreme Court’s opinion in State v. Johnson, 616 So.2d 1 (Fla.1993), we do certify a question of great public importance regarding the issue of when the biennial or annual reenactment of the Florida Statutes becomes effective.[1]
On January 10, 1996, Roberts was convicted of robbery and attempted kidnapping, both of which occurred on September 14, 1991. He was sentenced on the robbery to forty years’ incarceration as an HVFO with a fifteen-year minimum mandatory and on the attempted kidnapping to thirty years’ incarceration as an HVFO with a ten-year minimum mandatory. As the predicate offense statutorily required to impose the HVFO enhancement, the sentencing court relied on Roberts’ 1992 conviction for an aggravated battery that occurred on December 27, 1990. Roberts, however, challenges the use of that offense as the predicate, arguing that at the time of the September 14, 1991, offenses, aggravated battery was not listed in section 775.084, Florida Statutes, as a predicate offense.[2]
*76 Roberts first challenged his sentence in 2007 via a pro se motion in which he pointed out that although the Florida Legislature had attempted to add aggravated battery as a predicate offense for HVFO sentencing in 1989, in Johnson, 616 So.2d at 4, the Florida Supreme Court held that this attempt was a violation of the single subject requirement of the Florida Constitution. In his pro se motion, Roberts also acknowledged that the Johnson court had further ruled “that chapter 91-44⅛ biennial reenactment of chapter 89-280, effective May 2, 1991, cured the single subject violation as it applied to all defendants sentenced under section 775.084 whose offenses were committed after that date.” Johnson, 616 So.2d at 4 (emphasis added). Despite this acknowledgment, Roberts maintained in his pro se motion that the robbery and attempted kidnapping for which he was sentenced as an HVFO were “committed on October 10,1991, within the applicable window period of October 1, 1989 thru [sic] May 2, 1991.”[3] The post-conviction court denied Robert’s 2007 pro se motion, properly noting that the actual offense date for the robbery and attempted kidnapping was September 14, 1991, well after the May 2, 1991, cut-off set forth in Johnson.
Then in 2009, Roberts, through counsel, filed a second rule 3.800(a) motion. The issue raised again involved whether the December 1990 aggravated battery was a proper predicate offense for HVFO sentencing on the September 1991 offenses. This time, however, Roberts essentially argued that the Johnson court incorrectly set the window for challenging an HVFO sentence. He pointed out that the May 2, 1991, date referred to in Johnson was the date included in the session law that reported that the bill became law without the governor’s approval on May 2, 1991. But Roberts further noted that chapter 91-44, which included the biennial reenactment of the 1989 statutes, included specific language that provided that the reenactment section “shall take effect immediately upon publication.” Roberts therefore argued that because the specific language of the legislation provided an effective date— “upon publication” — the 1989 attempt to amend section 785.084 did not become effective until the publication of the 1991 statutes. To his motion Roberts attached a written communication from personnel in the Florida Legislature indicating that the 1991 Florida Statutes were not published or made available to users until December 30,1991.
The postconviction court summarily denied this second motion as successive. Roberts now appeals that denial.
Procedurally, we disagree with the postconviction court’s determination that the second motion was successive. The second motion made a new argument as to why the aggravated battery was not a proper predicate offense for the HVFO enhancement and why therefore Roberts’ sentence was illegal.
That being said, we nevertheless agree with the postconviction court’s conclusion that Roberts is not entitled to post-conviction relief. The Florida Supreme Court specifically has stated that the window for challenging an HVFO sentence predicated on an aggravated battery is only open to those whose principal offense dates are before May 2, 1991. Although we may find Roberts’ new argument intri *77 guing, we are obligated to follow the specific language of Johnson.
The issue of when a reenactment law becomes effective was addressed by the First District in Environmental Confederation of Southwest Florida, Inc. v. State, 852 So.2d 849 (Fla. 1st DCA 2008). There, appellants challenged the trial court’s dismissal of their declaratory action in which they sought relief based on a statute that was amended by chapter 2002-261, Laws of Florida. The trial court’s dismissal of the complaint was based on its conclusion that the amendments to the statute barred the requested relief. On appeal, appellants argued that this attempt to amend the statute was passed in violation of the single subject rule and, accordingly, was invalid. The First District, however, concluded that even if the statutory amendment was invalid as a violation of the single subject requirement, any such flaw was cured by the adoption of the reenactment statute by the 2003 legislature. The court rejected the appellants’ argument that the attempted amendment was inapplicable to their case because the biennial reenactment section of chapter 2003-25 provided that the reenactment shall take effect immediately upon publication and the 2003 Florida Statutes had not been published as of the filing of their cause of action. Citing Trapp v. State, 760 So.2d 924 (Fla.2000); Tormey v. Moore, 824 So.2d 137 (Fla.2002), receded from on other grounds, Franklin v. State, 887 So.2d 1063 (Fla.2004); and Johnson, 616 So.2d 1 — all of which involved the review of reenactment statutes that used the same “shall take effect immediately upon publication” language — the First District concluded that a reenactment statute is “effective as of the date on which the act became law.” 852 So.2d at 350.
However, our reading of those cases cited by the Environmental Confederation court leaves us questioning whether the Florida Supreme Court has held specifically that a reenactment statute becomes effective on the date the bill becomes law notwithstanding the specific language in the legislation stating that it takes effect upon publication. The language used in Trapp, Tormey, and Johnson does not spell out that the effective dates of the particular reenactment statutes were being determined in contradiction to “upon publication” language included in the reenactment legislation. This question is further compounded when we consider that article 3, section 9 of the Florida Constitution provides that “[e]ach law shall take effect on the sixtieth day after adjournment sine die of the session of the legislature in which enacted or as otherwise provided therein.” (Emphasis added.) The Florida Legislature annually adopts the Florida Statutes via section 11.2421, Florida Statutes. That section provides:
The accompanying revision, consolidation, and compilation of the public statutes of [the previous year] of a general and permanent nature, excepting tables, rules, indexes, and other related matter contained therein, prepared by the Office of Legislative Services under the provisions of s. 11.242, together with corrections, changes and amendments to and repeals of provisions ... enacted in additional reviser’s bill or bills by the ... Legislature, is adopted and enacted as the official statute law of the state under the title of “Florida Statutes [of a particular year]” and shall take effect immediately upon publication.
(Emphasis added.)[4]
We also note that chapter 11 does not provide a definition of “publication,” and we have not found any case law that de *78 fines what “publication” means or that suggests that a reenactment provision takes effect by a different mechanism than other legislation. For these reasons, we certify the following question as one of great public importance:
DOES THE ANNUAL OR BIENNIEL REENACTMENT OF FLORIDA STATUTES BECOME EFFECTIVE ON THE DATE THAT THE BILL PROVIDING FOR SUCH REENACTMENT BECOMES LAW — WITH OR WITHOUT THE GOVERNOR’S SIGNATURE — WHEN THE LEGISLATION INCLUDES LANGUAGE THAT THE LAW SHALL TAKE EFFECT IMMEDIATELY UPON PUBLICATION?
In any event, we currently are bound by the clear language of Johnson, 616 So.2d at 4, which provides that the 1989 amendment of section 775.084 became effective on May 2, 1991. Accordingly, we affirm the postconviction court’s denial of Roberts’ rule 3.800(a) motion.
Affirmed; question certified.
LaROSE, J., Concurs.
KELLY, J., Concurs in result only.

. See Art. V, § 3(b)(4), Fla. Const.; Fla. R.App. P. 9.030(a)(2)(A)(1).

. In determining whether Roberts’ December 27, 1990, aggravated battery can be used to qualify him as an HVFO on his sentences for the September 14, 1991, offenses, we look to the law in effect at the time of the 1991 offenses. See Vonador v. State, 857 So.2d 323, 324 (Fla. 2d DCA 2003) ("[I]t is axiomatic that a criminal sentence is governed by the laws in effect at the time of the offense.”).

. In his pro se motion, Roberts mistakenly identified the date of the offenses as October 10, 1991, which appears from the record to be the date on which he was arrested for the September 14, 1991, offenses. Roberts also seems to ignore the obvious fact that October 10, 1991- — and September 14, 1991, for that matter — fall after May 2, 1991.

. The 1991 version of section 11.2421 includes the “shall take effect immediately upon *78 publication” language.