610 So.2d 6 (1992)
HERNANDO COUNTY WATER AND SEWER DISTRICT, etc., Appellant,
v.
HERNANDO COUNTY BOARD OF PUBLIC INSTRUCTION, etc., Appellee.
No. 92-533.
District Court of Appeal of Florida, Fifth District.
November 13, 1992.
Rehearing Denied December 28, 1992.
*7 Robert Bruce Snow, Brooksville, for appellant.
Joseph E. Johnston, Jr., and Darryl W. Johnston of Johnston & Sasser, P.A., Brooksville, for appellee.
DAUKSCH, Judge.
This is an appeal from a Final Summary Judgment. Appellant, the Hernando County Water and Sewer District, argues that the trial court erred in finding that, pursuant to section 235.26(1), Florida Statutes, appellee, the School Board of Hernando County, was exempt from the payment of the fees which are the subject of the instant proceeding and that appellant was prohibited from charging appellee connection fees for water service. We disagree and affirm.
Appellant filed a complaint for declaratory judgment asserting that pursuant to section 153.64, Florida Statutes, and other provisions of law, it charged "connection fees for new connections of water and sewer which said connection fees are for current, and not for future, capacity utilized by the water and/or sewer user." Appellant asserted that section 153.83, Florida Statutes, prohibited it from providing free water and sewer services and required it to collect charges from all users whatsoever, including the county, school district or any other political subdivision. Appellant noted, however, that section 235.26(1), Florida Statutes, exempted school districts from the payment of governmental impact fees in connection with new school construction. A dispute had arisen as to whether appellee was obligated to pay the appellant water and sewer connection fees for new schools appellee had constructed within Hernando County.
Appellee filed its answer and, later, a motion for summary judgment arguing that it was exempt from the sought fees because section 235.26(1), Florida Statutes, exempted all public educational plants from impact fees and service availability fees. Relying on Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 496 So.2d 930 (Fla. 4th DCA 1986), approved, 515 So.2d 217 (Fla. 1987), appellee argued that, as a matter of law, the sought connection fees were service availability fees.
Appellant responded that charges for "actual current services provided and for actual current use of facilities already in being" could not be considered impact or service availability fees as defined in section 235.26(1), Florida Statute, and that, therefore, that statute did not operate to *8 exempt appellant's connection fees. The trial court disagreed, and granted summary judgment.
Section 235.26(1), Florida Statute, states, in pertinent part:
UNIFORM BUILDING CODE  All public educational and ancillary plants constructed by a board, except the Board of Regents, shall conform to the State Uniform Building Code for Public Educational Facilities Constructions, and such plants are exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits ordinances, and impact fees or service availability fees... .
In Loxahatchee, the Fourth District agreed with a school board seeking declaratory relief against an environmental control district. The school board alleged that so-called "service availability standby charges" and "line charges" sought to be charged by the district were actually "impact fees" or "service availability fees" within the meaning of the above-quoted statutory exemption. The court noted that a section of the Florida Administrative Code, promulgated in connection with implementation by the Department of Education of Chapter 235, provides the following definition:
(45) Impact or service availability fees. A fee, tax, user charge or assessment imposed by a municipality or other governmental agency for:
(a) The privilege of connecting to a system for which there is no immediate specific requirement for a capital improvement, expansion or installation at the utility source necessitated by the connection; or
(b) An assessment imposed on board-owned property for the installation of a contiguous utility line except for that length and size of line actually needed to service the educational or ancillary plant on that site; or
(c) For an intangible service which is not clearly established at a cost.
Loxahatchee, 496 So.2d at 934; Fla. Admin. Code Rule 6A-2.01(45).
Appellant argues that the connection fees it seeks, unlike the fees sought in Loxahatchee, are "for actual current services provided and for actual current use of facilities already in being," but we agree with appellee that a distinction between "current" and "future" charges is irrelevant to the determination of what constitutes an impact or service availability fee. Nowhere in section 235.26(1), Florida Statutes, or the administrative code definition are "current" connections mentioned. Instead, applying the above-quoted administrative code definition to the instant case, we have no difficulty concluding that the fees appellant sought were correctly found by the trial court to be exempt under section 235.26(1), Florida Statutes.
Rule 6A-2.01(45)(a) provides that an impact or service availability fee is a fee, tax, user charge, or assessment imposed by a municipality or other government agency for the privilege of connecting to a system for which there is no immediate specific requirement for a capital improvement, expansion or installation of the utility source necessitated by the connection. Because the water and sewer plant servicing appellee's schools is operational and there is no immediate specific requirement for a capital improvement expansion or installation, appellant is seeking a fee for the privilege of connecting to their system, which fee is, therefore, an exempt charge under section 235.26(1), Florida Statutes. Loxahatchee, 496 So.2d at 933.
Rule 6A-2.01(45)(c) provides that an impact or service availability fee is also defined as a fee for an intangible service which is not "clearly established at a cost." The Affidavit of Richard W. Radacky, the Utilities Manager for Hernando County, offered by appellant in opposition to appellee's summary judgment motion, indicates that the sought connection fees were charges imposed for the customer's pro-rata cost of consuming the county's current utility capacity.[1] Radacky stated the *9 calculation of the pro-rata fee was done on a periodic basis. Radacky's affidavit thus establishes that the fees sought by appellant are determined by apportionment of the capital cost of building the utility, and are therefore in the nature of a "plant charge" held prohibited in Loxahatchee. Loxahatchee, 496 So.2d at 934.
The instant case in many ways recalls the dispute in Loxahatchee. In Loxahatchee, the dispute involved whether the school board was required to pay certain fees to the sewer district as a prerequisite to the right to connect a school to the sewer system when it reached the school. Loxahatchee, 496 So.2d at 932. In the instant case, the dispute involves whether appellee is required by law to pay certain fees to the county water and sewer district as a prerequisite to connect to the system. It was undisputed below that appellant's water lines already meet appellee's lines. In Loxahatchee, a "service availability stand-by charge" bought the school board the right to make actual physical connection to the sewer system when the lines reached the school. Loxahatchee, 496 So.2d at 934. In the instant case, appellant's connection fee bought appellee the right to make actual physical connection to the water system. Finally, there was no need for any specific capital expenditure in Loxahatchee. All the sewer lines needed had been installed by the school board, and all that was needed was a connecting link between the school's line and the sewer's district line. Loxahatchee, 496 So.2d at 935. In the instant case, appellant in effect admits that there is no need for any specific capital expenditure by appellant to accommodate appellee's water and sewer needs by stating in its complaint that its plants are currently serving appellee's schools.
AFFIRMED.
COWART and HARRIS, JJ., concur.
NOTES
[1] Radacky's affidavit stated in pertinent part:

The connection fee is a charge imposed for the customer's pro-rata cost of consuming the County's current utility capacity. To illustrate, the customer's connection fee is a pro-rata payment of the capital cost of the utility source. A customer who will utilize a current capacity of 100,000 gpd out of a 1,000,000 gpd sewage plant pays a connection fee calculated to approximately equal ten (10%) percent of the capital cost of the facility. The calculation of the customer's pro-rata connection fee charge is calculated on a periodic basis through engineering studies and cost estimates. The consumption of the customer's pro-rata capital cost of existing facilities results in an immediate specific requirement for a capital improvement, expansion or installation to replace the actual capacity consumed by the customer's current use of the utility facility.