GRIFFIN, Chief Judge.
The City of Cocoa [“Cocoa”] appeals an order dismissing its complaint against the School Board of Brevard County [“Brevard”] and the Board of Trustees of Brevard Community College [“BCC”] seeking to recover unpaid stormwater utility fees. The complaint, which was styled as an action on an open account, alleged that the fees had been imposed pursuant to Ordinance 2-92, which established Cocoa’s stormwater utility system. According to Cocoa’s complaint, the ordinance established “stormwater utility discharge fees” for undisturbed property, residential developed property and non-residential developed property, other than exempt property. The complaint alleged that exemptions were limited to public rights-of-way, streets, alleys, sidewalks, parks, and conservation areas or easements. It alleged that BCC owed Cocoa “unpaid stormwater user fees and late charges” of $78,981.54 and that Brevard owes $65,792 in “unpaid storm-water user fees and late charges.” A copy of the ordinance pursuant to which the charges were imposed was not attached to the complaint.
Brevard and BCC moved to dismiss the complaint, contending among other things that the stormwater utility fees were “special assessments” from which they were exempt pursuant to sections 235.26 and 235.34, Florida Statutes. Brevard informed the court of a decision of the Pinellas county circuit court dismissing a similar claim for failure to state a claim.[1]
The court agreed that Brevard and BCC were exempt from payment of the fees and dismissed the complaint with prejudice by order dated August 14, 1997. The order stated:
1. The stormwater utility discharge fee imposed by City of Cocoa Ordinance 2-92 is a special assessment and not a user fee, as property owners do not have an option of not utilizing the government service and thereby avoiding the charge.
2. The Defendants are exempt from the City of Cocoa Stormwater utility fee, which is an assessment, by operation of § 235.26(1), Fla.Stat. (1995) and § 235.34, *1323 Fla.Stat. (1995). See also School Board of Pinellas County v. City of St. Petersburg, No. 93-844 (Fla. 6th Cir.Ct. Nov. 27, 1996), rev. pending, wherein the trial court found a stormwater fee a special assessment which could not be charged against the school board and junior college.
We conclude the complaint should not have been dismissed with prejudice and reverse.
This appeal involves “stormwater utility fees” imposed by the city of Cocoa. In 1989, the legislature began requiring local governments like Cocoa to develop stormwater management plans. § 403.0891, Fla. Stat. (1989). To help meet this obligation, local governments were empowered to create a stormwater utility or utilities. § 403.0893(1), Fla. Stat. (1989). “Stormwater utility” was defined as follows:
“Stormwater utility” means the funding of a stormwater management program by assessing the cost of the program to the beneficiaries based on their relative contribution to its need. It is operated as a typical utility which bills services regularly, similar to water and wastewater services.
§ 403.031(17), Fla. Stat. (1989)(emphasis added). The statutes defined a “stormwater management plan” as:
[A] system which is designed and constructed or implemented to control discharges which are necessitated by rainfall events, incorporating methods to collect, convey, store, absorb, inhibit, treat, use, or reuse water to prevent or reduce flooding, overdrainage, environmental degradation and water pollution or otherwise affect the quantity and quality of discharges from the system.
§ 403.031(16), Fla. Stat. (1989). The statutes authorize counties and municipalities to create one or more “stormwater utilities” and to adopt stormwater utility fees to “plan, construct, operate and maintain” stormwater management systems. § 403.0893(1), Fla. Stat. (1995). Cocoa asserts that it is plainly entitled to assess and collect “stormwater management fees” from both Brevard and BCC pursuant to these statutes and Ordinance No. 2-92.
The trial court apparently dismissed the complaint on the basis that Brevard and BCC were exempt from payment of the fees under section 235.26(1), Florida Statutes (1995), which governs the payment of “impact or service availability fees.” Alternatively, the trial court appears to have found that they were exempt from payment of the fees under 235.34, Florida Statutes, which related to “special assessments” on school property. In finding that these exemptions applied, the trial court apparently determined that no portion of the fees sought by Cocoa were “user” fees. At this stage of the proceedings, it is not apparent that these rulings are correct. We agree with Cocoa that the legislature appears to have intended to create a stormwater “utility” akin to water or sewer service. Appellees acknowledge that they cannot use the city water or sewer service and not pay for it. They contend, however, that they do not use the stormwater utility because they have their own stormwater management system on site and thus cannot be required to pay. The complaint, on the other hand, alleges they are “users.” The lower court suggested that the appellees were “users,” albeit “involuntary” users. It is impossible to decide this case without a determination of these and other facts. Accordingly, the appealed order of dismissal is reversed and the case remanded for further proceedings.
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.

. This decision was subsequently affirmed per curiam in City of St. Petersburg v. School Board, 711 So.2d 535 (Fla. 2d DCA 1998).