905 So.2d 1051 (2005)
CITY OF CLEARWATER, Appellant,
v.
SCHOOL BOARD OF PINELLAS COUNTY, Florida, Appellee.
No. 2D04-3260.
District Court of Appeal of Florida, Second District.
July 20, 2005.
*1053 Paul Richard Hull, Assistant City Attorney, Clearwater, for Appellant.
Dennis R. Pemberton and J. Bruce Harper, Clearwater, for Appellee.
Alan S. Zimmet and Stephanie R. Bolton, Clearwater, for Amicus Curiae the City of Largo, Florida.
WALLACE, Judge.
The City of Clearwater (the City) appeals a judgment declaring that the School Board of Pinellas County (the School Board) is exempt under sections 235.26 and 235.34, Florida Statutes (1999),[1] from payment of the stormwater management utility fee imposed by the City and a money judgment in favor of the School Board for the amount of the fees collected from November 1995 through April 1998, plus interest. The City also challenges an adverse ruling on its counterclaim that sought judgment against the School Board for unpaid stormwater utility fees, plus interest. The circuit court found that the stormwater utility fee was a user fee, not a special assessment. Because the School Board is not exempt under sections 235.26 and 235.34 from the payment of user fees for traditional utility services such as stormwater management, we reverse the judgment, and we remand this case to the circuit court for further proceedings.

THE FACTS AND PROCEDURAL HISTORY
In 1990, the City adopted an ordinance establishing a stormwater management utility in accordance with section 403.0893(1), Florida Statutes (1989). The utility is responsible for the management of the City's stormwater management system. The ordinance imposes a stormwater management fee against all developed property in the City. The fee is billed and collected with the monthly utility bills for all parcels of land utilizing any other of the City's utilities.
The School Board owns developed property within the City. In accordance with the ordinance, the City billed and collected stormwater utility fees from the School Board for several years. The School Board stopped paying the fees in 1998.
In November 1999, the School Board filed an action for a declaratory judgment and damages against the City. In its complaint, the School Board sought a declaratory judgment that the City was not entitled to charge it for the stormwater utility fee. The School Board also demanded a money judgment against the City for the amount of the fees it had previously paid under protest. The City filed a counterclaim for the unpaid fees.
The School Board eventually moved for a partial judgment on liability. Citing the decision in Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180 (Fla. *1054 1995), the School Board contended in its motion that the City's stormwater utility fee was a special assessment and that the School Board was "immune and/or exempt" from the payment of special assessments under section 235.26, Florida Statutes (1999). The School Board contended further that it was immune and exempt from payment of the fees under section 235.34 because it had not entered into any contract or agreement with the City providing for the payment of the fee.
The circuit court held a hearing on the School Board's motion. The documents relating to the City's stormwater management ordinance that were before the circuit court at the hearing were limited to (1) Article VI, Stormwater Management, consisting of sections 32.241 through 32.247, and (2) a portion of Article III, Service and Charges, consisting of sections 32.069 through 32.073. Section 32.244(1) of the City's stormwater ordinance provides as follows: "There is hereby imposed a stormwater management utility fee against all developed property in the city, as set forth in appendix A to this Code." (Emphasis added.) Appendix A is apparently the schedule of fees, rates, and charges which explains in detail how the stormwater management utility fee is levied, calculated, and billed. This portion of the ordinance critical to a determination of whether the utility fee was a special assessment or a user fee was conspicuous by its absence from the materials before the circuit court at the hearing.
After the hearing, the circuit court entered a partial summary judgment on liability in favor of the School Board. In its judgment, the circuit court made the following findings:
1. The City's ordinance imposes a utility/user fee.
2. The School Board did not enter into any contract or agreement to pay such utility/user fees and denied any obligation for those fees in the pleadings.
3. The Florida Statutes in effect at the time, sections 235.26 (now 1013.371) and 235.34 (now 1013.51) exempted the School Board from liability for such utility/user fees.
Based on these findings, the circuit court entered a partial summary judgment declaring that the School Board was not obligated to pay the stormwater utility fee to the City and that it was entitled to reimbursement for the fees it had previously paid. The circuit court also ruled  at least by implication  that the City would take nothing on its counterclaim for the unpaid fees. In accordance with the partial summary judgment on liability, the circuit court subsequently entered a summary final judgment in favor of the School Board and against the City for the amount of the stormwater utility fees paid from November 1995 through April 1998, plus interest. The judgment was for $197,295.36 principal and $135,807.32 interest, for a total sum of $333,102.68. From this summary final judgment, the City appeals.

THE STANDARD OF REVIEW
A final order granting a summary judgment is subject to de novo review. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Our task in reviewing the summary judgment in this case is to determine whether the circuit court correctly ruled as a matter of law that sections 235.26 and 235.34 exempt the School Board from the payment of the City's stormwater utility fee.

DISCUSSION

A. School Districts and Fees for Stormwater Management Programs
Sections 235.26 and 235.34, Florida Statutes (1999), provide, in pertinent part, as follows:

*1055 235.26. State Uniform Building Code for Public Educational Facilities Construction.  ....
(1) UNIFORM BUILDING CODE. 
(a) Except as otherwise provided in paragraph (b), all public educational and ancillary plants constructed by a district school board ... must conform to the State Uniform Building Code for Public Educational Facilities Construction, and such plants are exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits, ordinances, road closures, and impact fees or service availability fees....
....
235.34. Expenditures authorized. 
(1)(a) Subject to exemption from the assessment of fees pursuant to s. 235.26(1), school boards ... may expend funds, separately or collectively, by contract or agreement, for ... sanitary sewer, water, stormwater, and utility improvements upon, or contiguous to ... any existing or proposed educational plant.
....
(c).... Payment by a board for any improvement set forth in this section shall be authorized in any amounts agreed to by the board. Any payments so authorized to be made are not mandatory unless the specific improvement and costs have been agreed to prior to the improvement's being made.
(2) The provisions of any law, municipal ordinance, or county ordinance to the contrary notwithstanding, the provisions of this section regulate the levying of assessments for special benefits on school ... districts and the directing of the payment thereof. Any municipal ordinance or county ordinance making provision to the contrary is void.
Generally speaking, these statutes protect local school districts from being required to pay special assessments for improvements made by governmental entities without the school district's consent or approval. See Bd. of Pub. Instruction v. City of Jacksonville, 86 So.2d 887 (Fla. 1956); City of Newberry v. Sch. Bd., 368 So.2d 87 (Fla. 1st DCA 1979). In City of Newberry, the court outlined the purpose underlying section 235.34 as follows:
The purpose of Florida Statute section 235.34 is to prevent the levy of special assessments against school property without agreement of the school board. Obvious dictates of the school board's budget require, as the legislature has recognized, that local governmental entities planning improvements which will affect the school board's property consult with, and obtain the approval of the school board as to the proposed improvement and its cost before special assessments can be levied. Hence the language of the above-quoted statute that the specific improvement and its cost have been agreed to by the school board prior to the improvement[']s being made, are a condition precedent to the levy of assessments for special benefits on school districts.
368 So.2d at 88 (considering the 1975 version of the statute, which is substantially similar to the version at issue in this case). Sections 235.26 and 235.34 also exempt school districts from the payment of impact fees and service availability fees. See Hernando County Water Sewer Dist. v. Hernando County Bd. of Pub. Instruction, 610 So.2d 6 (Fla. 5th DCA 1992); Loxahatchee River Envtl. Control Dist. v. Sch. Bd., 496 So.2d 930 (Fla. 4th DCA 1986), approved, 515 So.2d 217 (Fla.1987).
*1056 The exemption of school districts from liability for the payment of special assessments imposed without their agreement or consent assumes importance in the context of the method adopted by a local governmental entity to fund its stormwater management program. Under section 403.0893, Florida Statutes (1989-99), a local governmental entity may fund a stormwater management program through the use of user fees or special assessments. City of Gainesville v. State, 863 So.2d 138, 144 (Fla.2003). Compare Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180 (Fla.1995) (special assessments), with City of Cocoa v. Sch. Bd., 711 So.2d 1322 (Fla. 5th DCA 1998) (user fees). A local governmental entity that elects to fund its stormwater management program though special assessments may be barred by sections 235.26 and 235.34 from imposing such special assessments on property owned by a school board without the board's agreement or consent.
In this case, the City's ordinance indicates that it acted under the authority of section 403.0893(1) to create a stormwater utility and to impose stormwater utility fees. A stormwater utility is defined in the statute as the funding of a stormwater management program by assessing the cost of the program to the beneficiaries based on their relative contribution to its need. It is operated as a typical utility which bills services regularly, similar to water and wastewater services. 403.031(17), Fla. Stat. (1989-99).[2] "[M]unicipalities have the option of establishing stormwater management systems as traditional utilities and financing them by collecting utility fees." City of Gainesville v. State, Dep't of Transp., 778 So.2d 519, 523 (Fla. 1st DCA 2001). The legislation requiring local governments like the City to develop stormwater management plans "appears to have intended to create a stormwater `utility' akin to water or sewer service." City of Cocoa, 711 So.2d at 1323.
Based upon the portions of the City's stormwater management ordinance presented to it on the School Board's motion for a partial summary judgment on liability in this case, the circuit court found that the stormwater utility fee imposed by the City was a user fee, not a special assessment. This finding controls the result in this case. No one suggests that sections 235.26 and 235.34 exempt school boards from payment of user fees for traditional utility services such as water and sewer service and garbage collection. Our supreme court has referred to stormwater management programs as being among the traditional utility services provided by governmental entities. Pinellas County v. State, 776 So.2d 262, 268 n. 11 (Fla.2001). Because school districts are not exempt from payment of user fees for traditional utility services, the circuit court erred in ruling that the School Board was exempt from paying a user fee imposed by the City for stormwater management services. See City of Cocoa, 711 So.2d 1322.

B. The School Board's Argument
The School Board's argument for affirmance of the judgment takes issue with the circuit court's finding that the City's stormwater fee is a user fee. The School Board claims that an owner of developed property within the City must "pay[ ] the fee, with no exceptions or amelioration, and no consideration of whether the property contributes to stormwater issues." *1057 For this reason, the School Board concludes that the stormwater utility fee is in fact a mandatory assessment from which it is exempt in accordance with sections 235.26 and 235.34. The substance of the School Board's argument is that the circuit court reached the right result for the wrong reason. In the School Board's view, it is exempt from payment of the stormwater utility fee because it is a mandatory special assessment, not a user fee as the circuit court concluded.
The premise of the School Board's argument is that the City's stormwater fee cannot be a user fee and must be a special assessment because payment of the fee is involuntary. But the School Board's premise is incorrect. In determining whether a fee imposed for a traditional utility service such as stormwater management is a user fee or a special assessment, the voluntariness of the fee is only one of several factors to be considered. The voluntariness of the fee is not dispositive. City of Gainesville, 863 So.2d at 145; Pinellas County v. State, 776 So.2d at 268. In the City of Gainesville case, our supreme court listed eight factors to be considered in determining whether a stormwater fee constitutes a user fee or a special assessment. These factors are: (1) the name given to the charge; (2) the relationship between the amount of the fee and the value of the service or benefit; (3) whether the fee is charged only to users of the service or is charged to all residents of a given area; (4) whether the fee is voluntary  that is, whether a property owner may avoid the fee by refusing the service; (5) whether the fee is a monthly charge or a one-time charge; (6) whether the fee is charged to recover the costs of improvements to a defined area of infrastructure or for the routine provision of a service; (7) whether the fee is for a traditional utility service; and (8) whether the fee is statutorily authorized as a fee. 863 So.2d at 145. The supreme court further instructs us that none of these factors is controlling, nor are they necessarily exclusive. Each factor is to be considered in the light of all the circumstances in each case. Id. Therefore, to consider the School Board's argument that the circuit court reached the right result notwithstanding its incorrect finding that the City's stormwater fee was a user fee instead of a special assessment, we would need to analyze the City's ordinance establishing its stormwater management program in light of the eight factors listed by the supreme court, plus any other pertinent factors.

C. The Record Is Insufficient to Apply the "Tipsy Coachman" Doctrine
The School Board's argument that the circuit court was right for the wrong reason in effect invokes the rule sometimes referred to as the "tipsy coachman" doctrine. This rule allows an appellate court to affirm a trial court decision that "reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record." Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999); see also Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002). Upon reviewing our record, we find that it is insufficient for us to apply this rule of appellate efficiency to consider affirming the circuit court's ruling as the School Board suggests. We have before us  as did the circuit court  only fragments of the City's stormwater management ordinance. Section 32.244 of the ordinance refers the reader to appendix A of the Code. Appendix A apparently contains the critical information concerning how the City levies, calculates, and bills its stormwater utility fee. Absent this information, we are unable to consider at least three  if not four  of the factors listed by our supreme court as *1058 necessary to determine if the City's stormwater fee is a user fee or a special assessment. Therefore, we are unable to go behind the circuit court's finding that the City's stormwater fee is a user fee to search for a basis to sustain the judgment.

CONCLUSION
The circuit court's ruling that the School Board was exempt from the payment of a user fee for the City's stormwater management program was in error. We decline to consider whether the stormwater utility fee was actually a special assessment to affirm the circuit court's ruling because our record is inadequate for that purpose. We have considered the other arguments advanced by the School Board in support of affirmance of the circuit court's ruling and find them to be without merit. Accordingly, we reverse the summary final judgment, and we remand this case to the circuit court for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.
NOTES
[1] Sections 235.26 and 235.34 have been amended and recodified as sections 1013.371 and 1013.51, respectively. See ch.2002-387, 835, 851, Laws of Fla.
[2] Formerly section 403.031(16), this subsection was redesignated as section 403.031(17) in 1991. Ch. 91-305, 22, Laws of Fla.