Dear Mr. Ansbacher,
As the attorney for the Florida School for the Deaf and the Blind, you and the City of St. Augustine have asked substantially the following question:
Is the Florida School for the Deaf and the Blind subject to a special assessment for fire services imposed by the City of St. Augustine?
You state that the City of St. Augustine imposed a special assessment against the Florida School for the Deaf and the Blind for municipal fire services in fiscal year 2007, but that the assessment has been withdrawn until resolution of the question raised.[1]
The Florida School for the Deaf and the Blind (FSDB) is recognized in section 1002.36, Florida Statutes, as:
"a state-supported residential public school for hearing-impaired and visually impaired students in preschool through 12th grade. The school is a component of the delivery of public education within Florida's K-20 education system and shall be funded through the Department of Education. . . ."
The board of trustees for FSDB is statutorily created and required to act consistently with all laws and rules applicable to state agencies. While title to gifts, donations, and bequests received by the board are vested in the board of trustees, "[t]itle to all other property andother assets of the Florida School for the Deaf and the Blind shall vestin the State Board of Education, but the board of trustees shall have complete jurisdiction over the management of the school."[2] (e.s.)
As an educational institution, the FSDB by law is exempt from taxation.[3] Generally, local school districts are also protected by statute from having to pay special assessments for improvements made by local governmental entities without the school district's consent or approval.[4] In this instance, however, as state-owned property, Florida courts have interpreted the law to conclude that the property of the school would not be subject to a special assessment imposed by a municipality, absent statutory authorization.[5]
In Attorney General Opinion 90-47, this office considered whether stormwater fees imposed by the City of Orlando pursuant to section 403.0893(1), Florida Statutes, could be charged against property owned by the State of Florida. The fees discussed in that opinion were imposed upon property within the city regardless of use and were based upon the property having received some particular benefit from the stormwater system. The provisions of section 197.363, Florida Statutes, were used by the city to collect the fees, but this statute specifically prohibits the use of ad valorem tax bills for service charges. These factors led to the conclusion that the fees were special assessments that, in the absence of legislation subjecting the state to liability, could not be assessed against state property. It was noted in the opinion that, to the extent the city sought to impose the fees as service charges, however, the state could be liable for such charges.
There appears to be confusion, however, in whether a municipality has the ultimate discretion in levying and collecting special assessments, given the provisions in section 170.201, Florida Statutes. That section states:
"(1) In addition to other lawful authority to levy and collect special assessments, the governing body of a municipality may levy and collect special assessments to fund capital improvements and municipal services, including, but not limited to, fire protection, emergency medical services, garbage disposal, sewer improvement, street improvement, and parking facilities. The governing body of a municipality may apportion costs of such special assessments based on:
(a) The front or square footage of each parcel of land; or
(b) An alternative methodology, so long as the amount of the assessment for each parcel of land is not in excess of the proportional benefits as compared to other assessments on other parcels of land.
(2) Property owned or occupied by a religious institution and used as a place of worship or education; by a public or private elementary,middle, or high school; or by a governmentally financed, insured, or subsidized housing facility that is used primarily for persons who are elderly or disabled shall be exempt from any special assessment leviedby a municipality to fund any service if the municipality sodesires. . . ." (e.s.)
While section 170.201(2), Florida Statutes, may insinuate some discretion upon municipalities to exempt property owned by a school from a special assessment, the property in this instance is owned by the State of Florida and would not, therefore, be subject to a special assessment imposed by a local government.
Accordingly, the city may not impose a special assessment against the real property of the Florida School for the Deaf and the Blind, as such property is titled to the State of Florida.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] City of St. Augustine Ordinance No. 2005-27, imposes a special assessment against improved property for the purpose of providing fire protection at a rate of four cents per square foot of enclosed building space.
[2] Section 1002.36(4)(d), Fla. Stat.
[3] See Op. Att'y Gen. Fla. 93-72 (1993), citing to s. 3(a), Art. VII, Fla. Const., recognizing the exempt status of educational institutions if provided by general law, and s. 196.198, Fla. Stat., providing that "[e]ducational institutions within this state and their property used by them or by any other exempt entity or educational institution exclusively for educational purposes shall be exempt from taxation."
[4] See s. 1013.51, Fla. Stat. (education boards authorized to expend funds by contract or agreement for certain infrastructure; payments so authorized are not mandatory unless the specific improvement and costs have been agreed to prior to the improvement's being made) and s.1013.371, Fla. Stat. (all public educational facilities must conform to the Florida Building Code and the Florida Fire Prevention Code, but are exempt from building permits, and assessments of fees for building permits, except as provided in s. 553.80; ordinances; road closures; and impact fees or service availability fees). See also City of Clearwaterv. School Board of Pinellas County, Florida, 905 So. 2d 1051, 1055 (Fla. 2d DCA 2005) (local government funding its stormwater management program through special assessments may be barred by statute from imposing such assessments on school board property without board's agreement or consent).
[5] See City of Gainesville v. State Department ofTransportation, 778 So. 2d 519, 521-22 (Fla. 1st DCA 2001), quotingBlake v. City of Tampa, 115 Fla. 348, 156 So. 97, 99 (Fla. 1934) (state agency exempt from special assessments absent a statute specially authorizing, either explicitly or "by necessary implication" special assessments on state property). See also Op. Att'y Gen. Fla. 90-85 (1990) (state-owned lands are subject to special assessment by local government only when clearly provided so by statute).