IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER NELSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2789

Opinion filed October 14, 2014.

An appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

Christopher Nelson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      The appellant filed a motion pursuant to Florida Rule of Criminal Procedure

3.801 seeking additional jail credit. For the reasons discussed below, we reverse

and remand.

      The appellant alleged an entitlement to 52 additional days of credit for time

spent in the "ART Program" as a condition of his probation. Specifically, he

asserts that the trial court orally pronounced that he was to be given credit for all

time he spent in the ART program.  The trial court ruled that the appellant was actually awarded more credit that he was entitled to receive, and that he was not entitled to credit for the 52 days he spent in the ART program because that was a condition of his probation.  See § 948.06(3), Fla. Stat. (2010) ("No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve."); State v. Cregan, 908 So. 2d 387, 390-91 (Fla. 2005) (holding that "a defendant who violates the conditions of his community control cannot receive credit against a subsequent prison sentence for the time he spent in a drug rehabilitation facility").

The appellant attached a transcript of his sentencing hearing, which includes the following exchanges:

Court:    Do you have any questions to ask either myself or your attorney prior to me accepting your plea?

Appellant:  I just – do I get credit for time served that I've been on community control and the ART?

Court:    You definitely get it for the ART.

Appellant:  I had been there for almost three months.  And that's the month I waited twice.

Court:    Yeah, you will get credit for all that.

Appellant:  I can get credit for the time served and the month that I was on community control?

2

Court: I don't believe there's anything that allows me to give you that. And you do admit that you were away from home?

Appellant: Yes, ma'am.

Court: Okay. Then at this time I will find that the plea is freely, voluntarily, knowingly and intelligently made and that there is a factual basis as stipulated to. [Defense Counsel], anything further?

Counsel: No, ma'am. <u>You are just indicating you will give him credit for the time he was in ART and the time waiting to go to ART</u>?

Court: <u>That is correct. I will give him time for that because he was, in fact, for all intents and purposes, confined</u>.

Appellant: Yes, ma'am.

. . .

Court: Then I will at this time revoke his community control and his probation, adjudicate him guilty on the underlying offenses, sentence him to 45.6 months with credit for the time he served on the case <u>as well as the time he was in ART</u>.

(emphasis added).

Regardless of whether the appellant is entitled to the credit under pursuant to the Florida Statutes, he is alleging that the trial court orally awarded credit for time spent in ART when it stated that he was to receive all jail credit, including credit for the "time he was in ART." The oral pronouncement of sentence controls over the written sentence. <u>See</u> <u>Ashley v. State</u>, 850 So. 2d 1265 (Fla. 2003) (holding that oral pronouncement of sentence controls over written documents); <u>Johnson v.</u>

3

<u>State</u>, 627 So. 2d 114 (Fla. 1st DCA 1993) (written sentence must comport with oral pronouncement of jail credit). Accordingly, we reverse and remand for the trial court to attach documents refuting the appellant's claim that the trial court orally pronounced that he was to be given credit for time spent in ART, or to grant relief.

REVERSED and REMANDED with directions.

PADOVANO, WETHERELL, and SWANSON, JJ., CONCUR.