DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL WALLACH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-829

[April 4, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 50-2012-CF-006125-A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Michael Wallach appeals his seventeen convictions and several of his sentences. We affirm his convictions without further discussion, but reverse five of his sentences and remand for resentencing.

First, the defendant argues that some of his sentences were orally pronounced to be concurrent with other sentences, but that the written sentences were imposed to run consecutively. The State concedes that the sentences imposed on the following counts should be reversed:

| Count | Crime | Oral pronouncement | Written Sentence |
|-------|-------|--------------------|------------------|
| 11 | Aggravated Assault with a Firearm on a LEO | 20 years – concurrent with any other sentence | 20 yrs.-consecutive |
| 15 | Aggravated Assault with a Firearm | 20 years – concurrent with any other sentence | 20 yrs.-consecutive |

| 16-17 | Grand Theft (Motor Vehicle and Firearm) | 1345 months – concurrent with any other sentence | 1345 months - consecutive |
|---|---|---|---|

The State's concession of error is well-taken. *See Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003) ("[A] court's oral pronouncement of sentence controls over the written document."). On remand, the sentences imposed on Counts 11, 15, 16, and 17 should be corrected so the written sentence matches the court's oral pronouncement.

Next, the defendant appeals the minimum-mandatory sentence imposed on Count 10:

| Count | Crime per Information | Min.-Man. Imposed |
|---|---|---|
| 10 | Burglary while armed with a firearm | 10 years |

Wallach was convicted of burglarizing a conveyance (a car) while armed with a dangerous weapon. This is a felony of the first degree. § 810.02(2)(b), Fla. Stat. (2012). The State argues that the ten-year mandatory minimum sentence imposed is legal because the defendant was armed with a firearm and his sentence was enhanced under the 10-20-Life statute. *See* § 775.087(2)(a)1., Fla. Stat. (2012) While burglary is one of the enumerated felonies under the statute, if a defendant is convicted of burglary *of a conveyance,* the minimum mandatory sentence under 10-20-Life is three years, not ten years. *Id.*; *see Figueroa-Montalvo v. State*, 10 So. 3d 173, 174–75 (Fla. 5th DCA 2009) ("The crime of burglary of a conveyance is ... listed as one of the charges to which the three-year mandatory minimum applies.). Because the 10-20-Life statute imposes only a three-year minimum mandatory sentence for the crime of burglary of a conveyance, the ten-year minimum mandatory sentence enhancement imposed here is illegal.

Finally, the defendant appeals the length of the sentence imposed on Count 15:

| Count | Crime per Information | Sentence imposed |
|---|---|---|
| 15 | Aggravated Assault with a Firearm | 20 years |

Wallach was convicted of aggravated assault, a felony of the third degree. § 784.021(2), Fla. Stat. (2012). His sentence was reclassified to a felony of the second degree under the 10-20-Life statute because he used a firearm. § 775.087(1)(c). The maximum sentence for a felony of the

second degree is fifteen years. § 775.082(3)(d). The twenty-year sentence imposed is illegal.

The State argues that the sentence is legal under the 10-20-Life statute because the defendant discharged the firearm during the crime. *See* § 775.087(2)(a)1. (providing for a twenty-year minimum term of imprisonment where there is a finding that the person discharged the firearm during the commission of the felony). We find that the twenty-year enhancement was improperly imposed here because the jury did not find that Wallach discharged the firearm during the aggravated assault charged at Count 15.

We reverse the sentences imposed on Counts 10, 11, 15, 16, and 17 and remand for resentencing as follows:

| Count | Crime | Instructions on Remand |
|---|---|---|
| 10 | Burglary while armed with a Firearm | Remand for resentencing for "burglary of a conveyance" while armed with a firearm. |
| 11 | Aggravated Assault with a Firearm on a LEO | Remand for imposition of concurrent sentencing orally pronounced. |
| 15 | Aggravated Assault with a Firearm | (1) Remand for imposition of concurrent sentencing orally pronounced. (2) Remand for resentencing as a reclassified second degree felony under the 10-20-Life statute with a maximum sentence of fifteen years. |
| 16-17 | Grand Theft (Motor Vehicle and Firearm) | Remand for imposition of concurrent sentencing orally pronounced. |

*Reversed in part and remanded.*

GERBER, C.J., GROSS and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

- 3 -