# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5843

_____

KACY DANIELLE CRENSHAW,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

May 17, 2018

PER CURIAM.

Kacey Crenshaw was charged with grand theft after surveillance video showed her leaving her Burger King shift carrying cash in a to-go bag. According to the restaurant's owner, the money in the bag (some $1,600) was supposed to be deposited in the bank, but it never made it. He said other deposits had gone missing in the months before Crenshaw's arrest, too. Almost all of those deposits disappeared on days Crenshaw was scheduled to work.

At trial, Crenshaw moved for a judgment of acquittal. She argued that while she may have left work with money in a to-go bag—as seen in the video—that did not prove she stole anything. Instead, according to Crenshaw and other witnesses, Burger King managers were encouraged to carry deposits in to-go bags—the

same bags customers get their food in—because the bags were inexpensive and inconspicuous.

The court denied Crenshaw's motion, and the jury later convicted her of grand theft. The court sentenced her to six months' imprisonment, followed by four years' probation. Now, Crenshaw appeals the court's decision, raising the same judgment-of-acquittal argument and challenging an aspect of her sentence.

We review de novo the order denying the acquittal motion, and we view the evidence in the light most favorable to the State. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). To survive the motion, the State needed to present evidence that Crenshaw intended to deprive Burger King, permanently or temporarily, of at least $300 worth of property. §§ 812.014(1), (2)(c), Fla. Stat. (2016).

As to the issue of Crenshaw's intent, we note that there was evidence that employees routinely took deposits to the bank in to-go bags rather than bank-provided bags; the restaurant owner confirmed as much on cross-examination. But there was also evidence that the bank never received several deposits Crenshaw was scheduled to deliver (in addition to the one seen in the video), despite having a dual-controlled and video-monitored system of accepting and processing deposits. Furthermore, the jury saw Crenshaw tightly wrap money in one to-go bag, put that money at the bottom of another to-go bag, place other objects in the bag (concealing its contents), and then store the bag among her personal effects. Considering all of this evidence, a reasonable jury could conclude that Crenshaw intended to deprive the restaurant of the money she left the store with. *See Manuel v. State*, 16 So. 3d 833, 835 (Fla. 1st DCA 2005) ("[T]aking the evidence in a light most favorable to the State, intent can be inferred from the circumstances of the incident.").

As to the value of the funds, there was evidence to support a finding that the $300 threshold was satisfied. Although there was evidence of multiple missing deposits, only one day's events were captured on video. But there was evidence that one day's deposit alone was worth at least $1,600. The trial court did not err in denying the motion for judgment of acquittal.

2

Crenshaw separately argues that the court should have granted her motion to correct a sentencing error. When orally pronouncing sentence, the trial court gave Crenshaw jail credit. But the subsequent written order gave Crenshaw less jail credit. Crenshaw moved to correct the written order to align with the oral pronouncement, but the court denied the motion. The court said its oral pronouncement gave too much credit, that the written order was correct, and that its erroneous oral pronouncement constituted a "scrivener's error." Although the oral pronouncement generally controls—even when it provides too much jail credit, *see Nelson v. State*, 148 So. 3d 173, 174 (Fla. 1st DCA 2014) (holding that the oral pronouncement granting jail credit controls over the written sentence "[r]egardless of whether the appellant is entitled to the credit"); *see also Douglas v. State*, 140 So. 3d 691, 691 (Fla. 1st DCA 2014) ("It is a longstanding principle that a court's oral pronouncement controls over any written sentencing document."), the issue is now moot because Crenshaw has already completed her jail term. *See Toomer v. State*, 895 So. 2d 1256 (Fla. 1st DCA 2005) (issues of jail credit are rendered moot once the sentence has been completed). We therefore dismiss as moot the portion of this appeal challenging the jail credit.

AFFIRMED in part; DISMISSED in part.

LEWIS, KELSEY, and WINSOR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Jasmine Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

3