DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE SOL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1312

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2015-CF-011094-AXXX-MB.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Willie Sol appeals his sentence after entering an open plea to burglary of a structure, grand theft, and possession of burglary tools. Sol asserts four issues of trial court error, one of which the State concedes. Because three of the issues raised by Sol are without merit, we affirm the trial court's ruling as to those issues without discussion. As to the fourth issue, we agree with Sol and the State that we should remand for correction of Sol's sentence on the burglary charge.

The trial court sentenced Sol as a habitual felony offender on the burglary count, but did "not believe that it is necessary for the protection of the public to sentence [Sol] to an enhanced sentence." However, the written sentencing order for the burglary count stated that:

> The Defendant is adjudicated a habitual felony offender and has been sentenced *to an extended term* in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The

> requisite findings by the Court are set forth in a separate order or stated on the record in Open Court.

(emphasis added).

Section 775.084, Florida Statutes, states that a "habitual felony offender" is "a defendant for whom the court *may* impose an extended term of imprisonment." § 775.084(1)(a), Fla. Stat. (2015) (emphasis added). Section 775.084 also states that the trial "court *must* sentence the defendant as a habitual felony offender . . . *unless* the court finds that such sentence is not necessary for the *protection of the public*." § 775.084(3)(a)6., Fla. Stat. (2015) (emphases added).

"Any difference between the trial court's oral pronouncement and its written order is resolved in favor of the oral pronouncement." *Harder v. State*, 14 So. 3d 1291, 1293 (Fla. 1st DCA 2009). Therefore, as the State agrees, the case is remanded for the trial court to correct the error in the written sentence and delete the language for an enhanced sentence as a habitual felony offender. We agree with the State that Sol's presence is not necessary to correct this scrivener's error. *See Frost v. State*, 769 So. 2d 443, 444 (Fla. 1st DCA 2000) ("Accordingly, this case is remanded with instructions for the written sentence to be conformed to the oral pronouncement. Upon remand, appellant need not be present for the correction of the sentence since correction is merely a ministerial act.").

*Affirmed and remanded with instructions.*

TAYLOR and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2