# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3758

_____

RAYMOND PARKER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Taylor County.
Greg S. Parker, Judge.

July 9, 2019

PER CURIAM.

Appellant, Raymond Parker, was adjudicated guilty of first-degree murder while armed, burglary and battery while armed, and aggravated stalking. We affirm Appellant's convictions without further discussion. However, we must reverse the written sentence imposed for aggravated stalking and remand for resentencing only as to that count.

In this case, the record demonstrates that the written sentence does not conform to the oral pronouncement. The trial court orally pronounced a sentence of five years' imprisonment on the aggravated stalking count, but the written sentence imposed a life sentence on that count. The State concedes error.

It is "a longstanding principle of law—that a court's oral pronouncement of sentence controls over the written document." *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003); *see also Nelson v. State*, 148 So. 3d 173, 174 (Fla. 1st DCA 2014) (citing *Ashley* and reaffirming that "[t]he oral pronouncement of sentence controls over the written sentence"). "To hold otherwise does serious harm to the double jeopardy principles which have guided our courts for centuries." *Ashley*, 850 So. 2d at 1268-69. The State's concession of error, therefore, is well-taken. *Wallach v. State*, 242 So. 3d 442, 443 (Fla. 4th DCA 2018).

"Where there is a discrepancy between the oral pronouncement and the written sentence, we should remand for the trial court to conform the written sentence to the oral pronouncement." *Frost v. State*, 769 So. 2d 443, 444 (Fla. 1st DCA 2000) (mem.) (citing *Willis v. State*, 656 So. 2d 261 (Fla. 1st DCA 1995)). Accordingly, Appellant's case is remanded with instructions that the written sentence for the count of aggravated stalking be conformed to the oral pronouncement.[*] Upon remand, Appellant need not be present for the correction of the sentence, since the correction "is merely a ministerial act." *Id.* (citing *Farmer v. State*, 670 So. 2d 1143, 1144 (Fla. 1st DCA 1996)); *accord Sol v. State*, 268 So. 3d 749 (Fla. 4th DCA 2019) (citing *Frost*, 769 So. 2d at 444). In all other respects the judgment of conviction and sentences are affirmed.

AFFIRMED, in part, REVERSED, in part, and REMANDED with instructions.

ROWE, JAY, and M.K. THOMAS, JJ., concur.

---

[*] Appellant preserved this issue by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court failed to act on the motion within sixty days. Therefore, the motion was deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.