# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3502
LT Case No. 2022-CF-000712-A

_____

DONELL DOWELL,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Lake County.
Heidi Davis, Judge.

Matthew J. Metz, Public Defender, and Teresa D. Sutton,
Assistant Public Defender, Daytona Beach, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and
Marissa V. Giles, Assistant Attorney General, Daytona Beach,
for Appellee.

February 14, 2025

PER CURIAM.

 We affirm this *Anders*[*] appeal but remand for the correction
of scrivener's errors. The trial court found that Appellant met the
criteria for habitual felony offender ("HFO") sentencing. However,

_____

[*] *Anders v. California*, 386 U.S. 738 (1967).

the court did not impose an enhanced sentence, finding it unnecessary for the protection of the public. *See* § 775.084(4)(e), Fla. Stat. (2022). At odds with the court's oral pronouncement, Appellant's written sentence has a box marked indicating that he was "sentenced to an extended term" under the HFO statute. Likewise, the court's HFO sentencing order reflects that Appellant was "sentenced pursuant to" the HFO statute. On remand, Appellant need not be present for the correction of these scrivener's errors. *See Sol v. State*, 268 So. 3d 749, 750–51 (Fla. 4th DCA 2019) (remanding for the same correction to a written sentence and noting that the appellant's presence was not required for the correction); *see also Walker v. State*, 393 So. 3d 274, 275–76 (Fla. 5th DCA 2024) (affirming an *Anders* appeal but remanding for the correction of "an inadvertent check mark" on the written sentence that contradicted the court's oral pronouncement).

We also note that the court imposed special conditions of probation at sentencing, but the record does not contain a written probation order. *See* § 948.039, Fla. Stat. ("The court shall impose the special terms and conditions by oral pronouncement at sentencing and include the terms and conditions in the written sentencing order."). On remand, the court shall enter a written probation order that comports with its oral pronouncements.

AFFIRMED; REMANDED with instructions.

JAY, HARRIS, and PRATT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————